OPINION of the Court, by
Ch. J. Boyye.
The j idgment in this case having been reversed by the opi-n‘rtli this court pronounced at last term, exclusively upon the ground that there appeared to be no plea in the record, though the jury had been sworn to try the 'ssue’ a petition suggesting a diminution of the record end praying for a rehearing, was presented. Tiie court accordingly granted a rehearing, and awarded a certi-orarh from the return of which it appeal’s that among the papers there is the plea of not guilty, on which the jury sworn to try the issue had returned their verdict; ^ut there is no endorsement upon it when it was filed, nor :⅛|!1 entry on the order book of its having been filed other than as is above stated.
The question now to be decided is, whether under these circumstances the plea certified by the clerk can be taken as one filed in the cause, and constituting apart, of the record.
The act of 1809, regulating proceedings in suits at law and in chancery, section 30th, requires the clerk to endorse on every pleading the time when filed, and to enter upon the order book that such pleading is filed; but dispenses with the necessity of copying it on the order book.
How far the omission of the clerk to perform these requisitions, ought in any case to be deemed a fatal objection, is extremely questionable; but. certainly it ought not to be so deemed in a case where the record evinces that other acts have been done in the progress of the cause substantially answering the same purposes : and such we apprehend to be the case now before the court.
That the plea certified by the clerk in this case was filed, is not only evinced by the circumstance of the jury having returned their verdict on it, but by the entry that the jury were sworn to try the issue. Such an entry certainly implies that there was a plea. It does not indeed identify the plea; nor would an entry that a plea was filed have that effect. In either case resort must be had to the plea on the files, to shew what it is; and in the latter, as well as the former case, the absence of the plea w ould be a fatal objection; because it could not appear that the cause was tried upon its ¿nerita.
*201 ⅞⅛ (indorsement of the time when the plea was filed, teight. pending the suit in the court below, be of some importance j but it can be of no consequence after the trial, provided there is sufiicient to shew that it was filed before the trial. And the objection, therefore, for want of such endorsement, can never be sustained in this court.
The former judgment of this coiiri must be set aside and annulled, and the judgment of the court below affirmed With costs and damages.