Opinion of the Court.
THIS writ of error is brought to reverse a judgment recovered by Atkison in an action of trespass brought by him in the court below against Foster.
The writ issued the 25th of September 1817, and the declaration was lodged with the clerk in October 1817, but was not noted on the order book as being filed. There is also contained in the record transmitted to this court, a plea of not guilty, purporting to *215 have been pleaded by Foster, together with a joinder thereto by Atkison, but neither the plea nor joinder appears to have been noted by the clerk on the order book. At the March term, 1818, a jury appears to have been called and sworn, and the record states, that “ the plaintiff being called, came not, therefore, it is considered by the court, that he be non-suited, and that the defendant recover of the plaintiff his costs herein expended, and that the plaintiff be taken,” &c. And immediately succeeding the non-suit, at the same term, an order was made requiring security for costs, against the first day of the next term. At a subsequent term a jury was called, and as the record states, after being sworn to try the issue joined, found a verdict in favor of Atkison for $100, and judgment was thereupon rendered against Foster.
The first, second, third and fourth assignments of errors, question the propriety of rendering judgment without the declaration, plea and joinder, being noted on the record. Strictly speaking, there should have been an entry on the order book, noting the filing of the declaration and plea ; but they are not required to be recorded, and as the jury appears to have been sworn to try the issue, the objection raised to the failure to note the filing on the order book, cannot be availing in this court, as was held in the case of Miller vs. Foley, 4 Bibb, 200.
. The fifth assignment of errors questions the propriety of rendering judgment upon the verdict, when it appears by the record that the plaintiff had at a previous term, been non-suited, and the judgment of non-suit had never been set aside.
This objection, we apprehend, must be fatal to the judgment rendered on the verdict. After the non-suit the parties were out of court, and to have authorized any proceedings in the cause, at a subsequent term, the non-suit should have been set aside at the term it was ordered, or the cause should have been continued to some subsequent term, to have enabled the court thereafter to set the non-suit aside. There appears, however, nothing in the record which shews, either a discharge of the non-suit ordered by the court, or a continuance to any subsequent term. At the same term the non-suit was entered, it is true, an order was, made requiring security for costs, against the first day *216 of the next term; but that order was made after the plaintiff was in fact non-suited ; and however extraordinary it may seem, that security for costs should be afterwards required of the plaintiff, without reinstating his cause in court, such is the singular anomaly apparent from the orders contained in the record.
The judgment, and all proceedings subsequent to the non-suit, must, therefore, be reversed with costs.