Judge Underwood
delivered the opinion of the Court.
The appellee instituted a suit against the appellants on an injunction bond. A demurrer was filed to the declaration; the plaintiff confessed the demurrer and amended his declaration. The record before us presents three pleas, one is in substance, that the injunction was not dissolved as alleged In the declaration; and one other in substance alledges, that since the institution of the action upon the injunction bond, another injunction had been granted, enjoining the collection of the judgment at law; which last injunction was still pending, in full force and undecided. *268 This last plea, is plead as a bar to part of the decíarati°n °fdy? to-wit: to that breach which goes for the of the amount,; of the judgment at law. Neither of these pleas are noted, as'filed by the clerk, or entered oh the order book as filed. That which denies a dissolution of the injunction, commences with this language, “and for further plea in this behalf, the said defendants say,’’ &c, the other begins in these words, “and the said defendants, by their attorney, come and defend the wrong and injury,” &c. from which it may be inferred, that the plea denying the dissolution of the injunction, was intended to be numbered as the second plea, and the other as the first, The record states that the plaintiff filed a demurrer to the first plea of the defendants, which was sustained by the court. The record then states that the defendants filed the plea of conditions performed; on which an issue was made up, a trial had, and verdict and judgment given for the plaintiff.
Assignment of errors.
.Requisition of the 30th seo. 'of the act of 1810. If the clerk fail to nóte a plea filed; yet, if the record prove such plea to have been acted on, the court will consider it.
Plea, denying the dissolu^nctio^bar to an action on injunction injunction had been obtained, no bar.
*268 The assignment of -errors complains, 1st. That the cquH erred in sustaining the plaintiff’s demurrer to the plea. And, 2nd. That the court erred in giving judgment for the plaintiff, without, in any wise, disposing of one of the' defendant’s pleas.
It is required by the 30th section of the act to regulate proceedings in suits at law and in chancery, approved, 31st of January, 1810, that clerks should endorse on every plea, the time when it was'filed, and to enter on the order book, that such plea is filed; but it is not necessary to copy it on the order book. If a clerk omits to perform the duty thus enjoined, and “the record evinces that other acts have been done, in the progress of the cáuse, substantially answering the same purposes,” this court can regard the pleas as was decided in the case of Miller and Dennis vs. Foley, 4 Bibb, 200. The record states that a demurrer was filed to the first plea; this was such an act, done in the progress of the cause, as would induce u.s to regard the first plea, if we could ascertain which was the first plea, although it has not been numbered or noted as filed, in any manner, by the clerk.
If the demurrer could be considered as applicable to the plea, denying the dissolution of the injunction, *269 as alleged in the declaration, we should not hesitate to reverse the decision of the court below, in sustaining the demurrer, for that plea is unquestionably good. No cause of action could accrue on the injunction bond, until the injunction was discharged or dissolved, That fact was necessarily averred, to show a cause of action, and might properly haye been put in issue, But there is nothing in the record which can induce jis to apply the demurrer to that plea; on the contrary, the language of the plea already quoted, and the manner in which the demurrer has been set out, seem to connect it with the plea, seting forth the obtention of the second injunction. That plea is not a valid bartq any breach assigned in the declaration. All the events had taken place according to the averments in the declaration, which, under the stipulations of the injunction bond, entitled the plaintiff to recover. By this plea the defendants would, in effect, amend the condition of their bond, without the assent of the plaintiff and make the payment of. the money depend, not upon the dissolution of the injunction mentioned in the bond, but upon the dissolution of that injunction and all others which might be at any time obtained. There is no principle to justify us in giving such an effect to the injunction bond. The plea was, therefore, not even a partial bar. It is not necessary to decide what remedy chancery could afford, in suspending the collection . of part of the judgment, which may be rendered in a suit upon an injunction bond, where a second injunction, staying proceedings on the'judgment at law has been obtained. Regarding the'plaintiff’s demurrer as applicable to this plea, it was, therefore, properly sustained by the court.
If a paper appear in the record which has not been so noted, as filed, as to require the consideration of the inferipr court, the court of appeals will not regard it. Duty of cleft’s io see their pleas properly entered and died.
*269 But it was the duty of the defendants to have their pleas properly endorsed and filed, and to show by the record that the court has inflicted a probable or certain injury, by rejecting or overruling the defences, relied on. Where this is not done, and the record, when brought up to this court, contains a copy of a paper, purporting to be a plea which was never noticed by the court below, and which was never • so filed or entered, as to require the notice of the inferior court, we pannot regard jt, Such is the attitude of the plea denying the dissolution of the injunction: There is good. *270 reason to believe, that after the amendment of the de» claration, that plea was intentionally abandoned; for the record of- the Todd circuit court shows, that (he injunction was dissolved as averred. There is no error in the proceedings of the inferior court, as charged in the first and second assignments of error.
Crittenden, for plaintiffs; Denny, for defendant.
The trial having taken place on the plea of conditions performed, the case of Harrison vs. Park, decided at the present term, furnishes an ample response to all other questions presented for consideration, and shows that there is no error in the record.
The judgment of the circuit courtis affirmed with costs and damages.