HON. JEFFERSON P. KIDDER,  }
                              } ASSOCIATE JUSTICES.
HON. WILMOT W. BROOKINGS,  }

## CAMPBELL V. CASE.

*1. PLEADINGS:* MOTION: EFFECT OF. When a motion to set aside the affidavit and requisition in an action of replevin has been made and sustained, with leave to the party to amend, the proceedings are concluded, and the case ended, so far as a general judgment is concerned, unless the amendment is made pursuant to the order of the court.

*2. STATUTES:* REPEAL BY IMPLICATION: RULE GOVERNING. Whether a new law, by implication, supersedes an old one upon the same subject, cannot well be determined, in most cases, by any merely *a priori* rules of argument or construction, but must depend very much upon the peculiar circumstances of each case,—the old and the new law—the mischief and the remedy.

*3.* ———: ———: ———. A subsequent statute revising the whole subject matter of a former one, and evidently intended as a substitute for it, must operate to repeal the former, although it contains no words to that effect.

*Appeal from Yankton County District Court.*

This action was brought for the recovery of the possession of certain personal property, taken from plaintiff under a warrant of attachment.

The facts necessary to an intelligent understanding of the points decided are stated in the opinion.

VOL. I.—4.

*Bartlett Tripp*, for appellant.

GOODS *custodia legis* cannot be replevied, nor can *defendant* in *attachment* try the validity of proceedings in another action. (Wait's Annotated Code, 411 d.; id., 371, f. i.; id., 373; id., 374, § 208; 7. Abb. Dig., 572; 1. Abb. Dig., 568, § 80; id., 129, § 2; 2 Bl. Com., 141, n. i.; Bacon's Abridgment, Titles "Replevin:" Allen on Sheriffs, 271–2 and 276; 3 U. S. Dig., 335, § 8; id.; 337, § 61; id., 338, § 78; id , 338, § 81; 3 Wait's Dig., 1632, § 9, g.; 2 Hill. on Torts, 244, n.; 2 Hill. on Torts, 231, and see note 22 Wis.,646; 7 Barb., 650; Simmon's Dig., 717, § 5; 21 Iowa, 535; Drake on Attach't, § 251.) Neither yoke of said cattle were, by law, exempt from attachment; but if so exempt, plaintiff waived such right by his acts, and his neglect to claim it. (Drake on Attach't, § 195; 20 U. S. Digest, 910, § 78; 1 Wait's Dig., 724, § 136; id., 725, § 141; *Howard v. Tarr*, 18 N. H., 457; 2 Hill. on Torts, 240, note; id., 242, § 31, and cases there cited; Broom's Legal Maxims, 785; Wait's Annotated Code, 553, m.; 34 N. Y., 253; 34 Me., 233; 22 Cal., 506–7.) There must have been a demand or refusal before a right of action accrued to this plaintiff, and such demand must have been alleged before it could be proven on the trial of the issues. (7 Maine, 502; 38 Cal., 507; 2 Hill. on Torts, 229, § 12; 1 Abb. Dig., 569, § 92.) This plaintiff waived all irregularities not raised in his motion, as defendant in attachment; or if the irregularity of the officer's proceeding in attachment, sought to be raised on the trial of replevin, was included in said motion to set aside, it is as adjudicated, and he is bound by order of the court therein, until reversed on appeal. (6 Abb. Dig., 387, §§ 26–27; 2 Wait's Dig., 1585, §§ 45–17; 1 Smith & Tiffany's Prac., 423–4 and 431–2; Ibid, 437–8.) The replevin process had been set aside when judgment was rendered for plaintiff, so that if judgment could have been rendered at all for plaintiff, it could only have been for damages, and not for possession of the cattle. (2 U. S. Dig., 174, § 418; 1 Smith & Tiffany's Prac., 437–8; 8 U. S. Dig., 182, § 176.) The officer's acts are presumed to be legal, and the levy valid, until the contrary be shown, and any act required by the

statute will be presumed to have been done in absence of such statement in the officer's return. Less strictness held in personalty than realty—still less in *attachment* than in *transfer of title* under execution. (Eastman's Dig., 307; 2 Hill. on Torts, 206, n.; 2 Abb. Dig., 615, §§ 200, 199, 203-6-7-8; 2 Abb. Dig., 601, §§ 3 and 4; Drake on Attach't, § 209; 11 Cal., 238; 8 Me., 408; 11 Barb., 520; 31 Me., 546-50; 14 Mass., 404-7-8.) Any irregularity of the officer in making his attachment, is never matter of abatement, and can be taken advantage of by this plaintiff, by motion only. It cannot be raised in the trial on the merits, as presented by the pleadings in the case. (2 Wait's Dig., 1571, § 4244; 38 Cal., 372; Wait's Annotated Code, 340 d., 413 d; 6 Abb. Dig., 64, § 40; Gould's Pleadings, 268, § 135; 1 Chitty's Pleadings, 450, n. 3; 11 Mass., 271; 38 Me., 388; 8 U. S. Dig., 177, § 56.) If the plaintiff has any cause of action against defendant, it is trespass, not replevin. (2 Hill on Torts, 1978; 3 U. S. Dig, 541, § 278; 3 U. S. Dig., 539.) Plaintiff in replevin cannot have attachment discharged, as to a part of his property, and retained as to remainder. (Wait's An. Code, 417.) If it can be made to appear that the officer did not make any appraisement, or return an inventory, in accordance with the statute of 1862, such omission is at most a mere irregularity, and does not affect the validity of the attachment. The statute of 1862 is directory, only, and a failure to comply therewith would not affect the subsequent *transfer* of *title* under *execution*, *much less* the *levy* of *attachment*, in which *seizure* and *possession* are the only purpose of the process. (*Hunt v. Loucks*, 38 Cal., 372; *Blood v. Light*, id., 649; *Tuttle v. Gates*, 24 Me., 395,(11 Shep.;)4 U. S. Dig., 773, §§ 899. 90-1-2, 964-9 and 50; Drake on Attach't, § 208; 1 Abb. Dig., 317, § 149; Wait's An. Code, 547; Purchaser's Title, notes e. f.; Cites, 5 Barb., 565, 568-9; Wait's An. Code, 357, § 184, a.; 8 Me., 408; 20 U. S. Dig., 910, § 78; 9 U. S. Dig., 219, § 62.)

*Moody & Hand*, for appellee.

The defendant, who is the appellant in this court, received the oxen in controversy, as a deputy sheriff of Yankton

county, turned over to him by one J. D. Flick, another deputy sheriff of the same county. The said J. D. Flick, deputy sheriff, undertook to levy the attachment, but did not comply with the statute requisites in making such levy. (Laws, 1867–8, 54, § 185, and laws, 1862, 77, § 195.) Therefore, the said Flick was a trespasser when he took the possession of the oxen, and his successor, the defendant, was in no better condition. Summary process, attachments and the like must be executed strictly according to the provisions of the law authorizing them, else the officer executing them becomes a trespasser *ab initio* and of course the owner can maintain replevin against him, as well. (6 Wheaton, 119; Drake on Attachments, § 194; 28 N. Y., 659; 4 Minn., 242; 1 Nevada, 27 and 82, etc.; 35 Ills:, 417.) No demand is necessary where the defendant comes wrongfully into the possession of the property. (4 Nevada, 494; 20 Wis., 462; 3 Nevada, 557; 46 Ills., 320.) In this case the record shows, conclusively, that there was a demand and refusal, even if it is held necessary. The decision of the court upon this question of fact is conclusive, as the record does not show, that all the evidence is before this court. One yoke of said oxen was exempt by statute. See laws, 1865–6, page —. And there being evidence to show that the oxen in controversy was all the oxen plaintiff had when the attachment was sought to be levied, it was the duty of the officer to set off, to the plaintiff, then defendant, one yoke, although this is an immaterial question, inasmuch as the officer acquired no title or right to the possession of any of the property seized, in consequence of having failed to make the seizure as the law directed. The issuing or granting of a warrant of attachment is a judicial act, and not ministerial. It having been made in this case by the clerk, instead of by the judge or court, is absolutely void, and the officer could not justify under it. (6 Minn, 183; Drake on Attachments, § 88; Nash's Pl., 407 to 409.)

KIDDER, J.—This action was tried by the court, the parties having waived a trial by jury. The case shows, that the

plaintiff, on the 26th day of June, 1871, was the owner of four-teen oxen; that on said day, one Flick, a deputy sheriff of Yankton county, took possession of said oxen under a war-rant of attachment in a suit of Bramble & Miner against this plaintiff. Flick subsequently resigned his said office and ceased to act as deputy sheriff, and, previous to the com-mencement of this action, turned over the oxen to this defend-ant, who was also a deputy sheriff of the same county.

On the 27th day of July the plaintiff commenced these pro-ceedings—called replevin—to recover the possession of said oxen, and, thereon, took them out of the possession of the defendant.

At a special term of the court, holden on the 4th day of September, the defendant moved to set aside the affidavit of the plaintiff and the requisition thereon, which motion the court sustained and set aside all the proceedings, but with leave to the plaintiff to file an amended undertaking and affidavit within eight days.

After this, we find nothing in the record in relation to the proceedings, *i. e.*, the affidavit, undertaking or any pre-liminary paper in the case. This judgment of the court con-cluded the proceedings and ended the case, so far as a gen-eral judgment is concerned, unless the papers were amended as they were permitted to have been done by the court. 2 U. S. Dig., 174, § 418; *Foster v. Atkinson*, 1 Litt., 214; 8 U. S. Dig., 182, § 176; *Clements v. Elliot*, 11 Ala., R. 360.

But, as the case went to a hearing on the merits, without objection, so far as the record shows, we have concluded to examine its merits on another question:

The court, among other facts, found that the officer, Flick, who made the attachment, "did not in the presence of two residents of the county, or in the presence of any person, attach said property, nor did he make any appraisement of said property, nor any inventory of the same as specially required by statute; that said oxen were all the oxen that said Campbell owned or possessed; that said oxen were turned out to the defendant in this action, a deputy sheriff of

Yankton county, about twelve days before this action was commenced, and that the plaintiff has received damages to the amount of seventy-five dollars for the detention of said oxen."

And his conclusions of law were, that " one yoke of said oxen were exempt from attachment under the exemption law; that the seizure of said property by said Flick," etc., " as shown by his return of the warrant in the case of *Bramble & Miner v. C. T. Campbell* " (plaintiff) " was in violation of law, and wholly void; that the plaintiff is entitled to the possession of the oxen described in the complaint, and seventy-five dollars, his damages, for the unlawful detention of the same."   And judgment was rendered accordingly.

It appears from the foregoing " facts " and " conclusions," that the opinion of the court was predicated upon the fact that the statute of 1862, of this territory, was not repealed by that of 1867–8; consequently, the officer, in making the attachment, not acting pursuant thereto, was a trespasser *ab initio*, and his proceedings thereon were *void*.

Whether the statute of 1862 in this regard is repealed, is a question of great practical utility in our territory, and, therefore, we have examined this question with as much care as the subject merits.

" Whether a new law, by implication, supersedes an old one upon the same subject cannot well be determined, in most cases, by any merely *a priori* rules of argument, or construction, but must depend very much upon the peculiar circumstances of each case,—the old and the new law—the mischief and the remedy."   But it is sound law, we think, and no authorities can be found that will controvert it, that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, must operate to repeal the former, although it contains no words to that effect.   *Giddings v Cox*, 31 Vt. R., 607; *Mason v. Waite*, 1 Pick., 452; 12 Mass., *Bartlett v. King*, 537, 545, and cases there cited; *Goddard v. Boston*, 20 Pick., 407, 410, and cases there cited.   These authorities and many others we might

cite are in point on the question of repeal by *implication*. In the case at bar, it will be entirely unnecessary to refer to such cases, for the language of the statute is, (Stat. of 1867-8, 117, § 378): "All statutory provisions *inconsistent* with this act are hereby repealed," etc.

The statute of 1862, page 77, Sec. 195, is: "The order of attachment shall be executed by the sheriff without delay. He shall go to the place where the defendant's property may be found, and there in the presence of two residents of the county," etc.

The statute of 1867-8, pages 54, 55, Secs. 185, 188, is substantially like the one of 1862, except it drops the language: "He shall go to the place where the defendant's property may be found, and there in the presence of two residents of the county," etc.

Passing the question of repeal by implication, is the former statute inconsistent with the latter?

It is evident that the legislature intended to abolish all Common Law actions and proceedings, and all distinction between equitable and legal remedies, and to repeal all former remedial statutes; but being fearful that the Code of 1867-8, might not provide a full remedy for all wrongs, out of the abundance of their caution, *provided* that former statutes not inconsistent with the Code and the Common Law practice, might be adopted so far as may be necessary to prevent a failure of justice. Page, 117, §§ 378-9.

It seems to us, that if this statute furnishes a full, complete and ample remedy for the enforcement of the plaintiff's rights, and also for the protection of the defendant's, then its provisions *govern* and *repeal* all former statutes on the same subject.

We will examine this Statute of 1867-8, for the purpose of ascertaining whether it provides a remedy by which the plaintiff can enforce his rights, and one by which the defendant can protect his.

The object of an attachment law is to enable the creditor to seize and hold the property of his debtor, which is subject to

such a process, so as to make it certain that he will have something with which to liquidate the judgment, if he should ultimately recover one.

Chapter 4, page 52, on the subject of attachment, fully protects in its provisions the rights of a defendant in preliminary, as well as final, proceedings; an affidavit must be made— security must be given on obtaining a warrant. The sheriff must attach the property and *safely* keep it, etc.

Sections 185, 188, pages 54, 55, give full protection to the rights of both parties. The sheriff is required to make and return an inventory of the property attached, to keep the property seized by him, or the proceeds of such as shall have been sold, to answer any judgment which may be obtained; and shall, subject to the direction of the court, collect and receive all debts, etc., for the purpose of protecting the re spective interests of the parties.

The defendant may always know what property—personal— of his has been attached, for the officer will dispossess him of such as he can take into his possession, and such as is incapable of manual delivery he can attach by leaving a certified copy of the warrant of attachment with him, with a notice showing the property levied on.

And *all* persons may know what property has been attached, either personal or real, as the officer is required to make and return an inventory, by examining the same on file in the office of the clerk of the court. And *lis pendens* being necessary to be filed in the office of the register of deeds, in the county where the real property attached is situated, notice thereof is thereby given to all.

This statute, in our opinion, protects *as fully* the interests of the parties as the prior one, and is not so complicated. It also seems to be a revision of the whole subject-matter, and was evidently intended as a substitute for it; it is not, therefore, necessary to resort to the prior one in order to do complete and ample justice to, and protect the rights of, not only the parties in an action, but of all persons who may have any interest therein; we have, therefore, come to the conclusion

that the Statute of 1867–8 repeals that of 1862, and the officer in making the attachment was not bound to follow it. It follows then that the conclusions of law, so far as the seizure of the oxen by the officer was concerned, was in " violation of law and wholly void;" that the plaintiff was entitled to the possession of the same, and that he recover damages for their detention, were erroneous. .

The judgment of the court below is, therefore, *reversed* and the cause remanded.

# JANUARY TERM, 1874.

## PRESENT:

Hon. Peter C. Shannon, Chief Justice.

Hon. Jefferson P. Kidder, }
Associate Justices.
Hon. Alanson H. Barnes, }