AARON JERNIGAN, APPELLANT, VS. WILLIAM H. HOLDEN ET AL., APPELLEES.

1. The general statute of limitations of 1872 (Chapter 1869 laws of Florida) has no saving clause in favor of non-resident plaintiffs.

2. The limitations act of November 10th, 1828, which contained a saving clause, in connection with bringing actions to recover real estate in favor of persons not within the State at the time their rights or title accrued, was repealed by the act of January 8th, 1848, which was a revision of the former act.

3. Revision of statutes implies a re-examination of them. The word is applied to a restatement of the law in an improved or corrected form. A revision is intended to take the place of the law as previously formulated.

4. If there was any doubt whether the statute of limitations of 1828 was repealed by the revisory act of 1848, there can be none that it was repealed by the general limitations act of 1872 (Chapter 1869 laws of Florida, McClellan's Digest, p. 730). This act was a general revision of all other acts upon the subject of limitations of actions, and operated as a repeal of them.

5. Where there is a revision by a later statute, the later being intended as a substitute for the former, there need be no express words of repeal; neither is it required that the latter statute shall be so repugnant to the former that both can not stand and be construed together. The revision in itself operates as a repeal.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*William H. Jewell,* for Appellant.

*Foster & Gunby,* for Appellees.

LIDDON, C. J.:

This case was an action of ejectment brought by appellant against appellees. The declaration was in the usual statutory form, and the plea was not guilty. By consent of parties the case was referred to E. M. Hammond, Esq., who, as referee, rendered judgment for the defendants (appellees), from which the plaintiff (appellant) appeals.

The record is quite voluminous, and many interesting points are discussed in the briefs of counsel. The view we take of the case relieves us from the consider-

ation of all but one of them. This, the only question requiring consideration at our hands, is whether the plaintiff was barred by the statute of limitations from maintaining his suit. The land in controversy was a quarter section of one hundred and sixty acres, upon which is situated an orange grove. The plaintiff owned and resided upon the land prior to the year 1860, but during said year, about March or April, left the State of Florida for Texas. He remained in Texas until about the month of May, 1884, when he returned to Florida. The suit was begun February 4th, 1889. The plaintiff has never been in possession of the land by an agent or otherwise since he left Florida in 1860. The defendants have been in actual exclusive possession continuously from October 26th, 1864. During the greater portion of the period of this holding, many more years than seven, their claim has been founded upon a written instrument as being a conveyance of the premises. During the period of their claim of title and possession the defendants have made extensive and very valuable improvements upon the land. It is entirely unnecessary to discuss the question as to whether the defendants' deed, and muniments of title are in good legal form, or whether they convey a good legal title to the land. It is not disputed that upon their face they are color of title; that they are written instruments purporting to be a conveyance of the land in dispute, and that the defendants have held and claimed under them for much longer than the time prescribed by the statute (sec. 4 *et seq.*, pp. 731, 732 McClellan's Digest). The appellant claims that he is not within the bar of the statute of limitations, by reason of his absence from the State during the greater part of the time of defendants' adverse possession. The statute of limitations of 1872 (McClellan's Digest, p. 730 *et*

*seq.*) has no saving clause for non-residents. They are under no disability to sue in our courts, and stand under the general limitations act upon the same footing as citizens of the State. This proposition is virtually conceded by appellant, but he claims that the act of limitations of November 10th, 1828, contained a saving clause for persons not within the State, and that the same was still in force when his suit was brought. This contention involves a consideration of the question whether the act relied upon is still in force. The sections of the act in question, set forth in Thompson's Digest (sec. 2, p. 441) is as follows: "If any person or persons entitled to such writ or writs, or to such right or title of entry as aforesaid, shall be or were under the age of twenty-one years, *feme covert, non compos mentis*, imprisoned or not within the State, at the time of such right or title accrued, or coming to them, every such person, and his or her heirs, shall and may, notwithstanding the said twenty years are or shall be expired, bring and maintain his action, or make his entry, within ten years next after such disabilities removed, or the death of the person so disabled, and not afterwards." The section contains a saving clause for persons "not within the State," in common with infants, *femes covert*, persons *non compos mentis*, or imprisoned. Not being "within the State" seems to have been regarded as a disability, and such an absentee was allowed by the statute ten years within which "to bring and maintain his action next after such disabilities removed." On January 8th, 1848, was approved an act in this State entitled "An act to amend the several acts concerning the limitations of actions." The third section of this act reads as follows: "Be it further enacted, That if any person or persons entitled to commence any such action, suit or proceeding, or

534 SUPREME COURT.

Aaron Jernigan v. William H. Holden et al.—Opinion of Court.

shall have any right or title of entry, hereinbefore mentioned, be at the time such title shall descend or accrue, either within the age of twenty-one years, a married woman, insane or imprisoned, the time during which such disability shall continue shall not be deemed any portion of the time within this act limited for making such entry or bringing such action, or instituting such suit or proceeding; but such person or persons may bring such action, institute such suit or proceeding within four years next after such disability is removed, but not afterwards." (Chap. 142 laws of Florida). The new act makes important changes in the act of 1828. There is no express repeal of that act, neither are the two statutes so absolutely repugnant to each other that they can not stand together. The latter act is a revision of the former, and of all acts upon the subject of limitations of actions. We will consider what is the effect of a revision of a statute when we discuss the effect of the statute of limitations of 1872; for the immediate present we will content ourselves with defining a revision, and state the reasons impelling us to the belief that the statute of 1848 is a revision of the statute of 1828. Sutherland on Statutory Construction (Sec. 154) thus defines revision: " Revision of statutes implies a re-examination of them. The word is applied to a restatement of the law in a corrected or improved form. The restatement may be with or without material change. A revision is intended to take the place of the law as previously formulated. * * " The object of all judicial interpretation is to ascertain the legislative will, or what intention is conveyed by the language of the statute. Endlich on the Interpretation of Statutes, Sec. 1; State vs. Conkling, 19 Cal., 501. Under the definition quoted there can not be ground for doubt

that the section of the act of 1848, quoted above, was intended as a re-examination and restatement of the law as contained in a former act in a corrected and approved form. By the old act five classes of persons were within the saving clause, *viz:* (1) infants, (2) *femes covert*, (3) persons *non compos mentis*, (4) persons imprisoned, (5) persons not within the State, at the time the right or title accrued. All of these were allowed to bring and maintain actions for ten years after their disabilities were removed. In the act of 1848 the time allowed for bringing actions after the removal of disabilities was limited to four years, and only the first four classes of disabled persons were named in the saving clause of the statute. This section, we think, was clearly intended by the Legislature to be a re-examination and restatement of the law as to who should not be barred from bringing suits by the limitations provided by the preceding sections (1 and 2 of Chapter 142 laws of Florida, p. 13 acts of 1847-8). The statute is not framed with that degree of skill and accuracy which at subsequent periods of our history has marked amendatory legislation in this State, but still we think it is sufficiently clear and well expressed to convey the evident intention of the Legislature. To give the act of January 8th, 1848, any other construction or effect than we give it would produce the greatest want of harmony and system in our limitation acts. If the act of 1828 was still in force, so far as saving the rights of non-residents to bring actions, the time limited for them to bring action after removal of disabilities, would still remain at ten years, instead of four as provided by the latter act for other persons under disability. Thus, non-residents and absentees would by our law be a privileged class, enjoying immunity from our laws, and having great advantage

over our own citizens and regular residents. We do not think that persons "not within the State" were omitted from the act of 1848 by accident or mistake. The omission was intentional. While it is not our province to discuss the policy and justice of the law, we can see the best of reasons why they should have been so omitted. Non-residents and absentees are not under disability like the other classes of persons saved from the operation of the statute. Our courts have always been open to them and they could bring their actions at any time. They are not within the reason of the rule of such saving clauses.

If it should be admitted for the sake of argument that the act of 1848 was not a revision of the act of 1828, and that the act of 1828 was still in force unrepealed by the act of 1848, the admission, in view of the general limitations act of 1872 (Chapter 1869 laws of Florida, McClellan's Digest, page 730 *et seq.*) could avail the appellant nothing. This latter act is clearly a revision of the whole matter of limitations of civil actions in this State. At the time it became the law no general statute of limitations was in force; the act of December 13th, 1861, had so suspended them that they had no operation or effect. The act of 1872 (Chapter 1869, pamphlet laws page 20, McClellan's Digest, page 730) entitled "An act of limitation in civil suits," was clearly a revision of all laws in the State upon this subject. This is rendered apparent by the title and the whole scope and scheme of the act. Being a revision of all other statutes upon the subject, it operated as a repeal of them. When there is such revision there need be no express words of repeal; neither is it required that the latter statute shall be so repugnant to the former that both can not stand and be construed together. The revision in itself operates

as a repeal. Holland vs. State *ex rel.* Duval County, 23 Fla., 123, 1 South., 521; Southern Express Co. vs. Van Meter, 17 Fla., 783, S. C., 35 Am. Rep., 107. Upon this subject it has been well said : "The object of all construction of statutes is to get at, and give effect to, the intention of the Legislature. It is not necessary that this intention should be manifested by apt and unambiguous terms, or that it should appear by express words. From the body of an act and its general scope and spirit, and by looking at the circumstances in the mind of the Legislature we frequently gather the intended meaning of their acts. It would strike a plain man with surprise, if told that the Legislature had industriously compiled a statute, proceeding to minute details on the general subject of the rights, duties and obligations of a class of persons, and had omitted to incorporate a former provision of law touching this subject, and yet that this omission was designed, or had the effect, to include the omitted provision; especially here, when we see proof of caution and care to frame a complete system, and to guard against inferences of omission of other portions of laws by express saving of them. The title of the act * may be considered to determine its intent. * * * * We do not consider that the rule applicable here is that this is a repeal by implication as that rule is usually applied; but the principle is, that when the Legislature makes a revision of particular statutes, and frames a general statute upon the subject-matter, and from the frame-work of the act it is apparent that the Legislature designed a complete scheme for this matter, this is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is ignored. * * * * It is true the law does not favor the repeal of statutes by

implication, but it is not true that a statute, without negative words, will in no case repeal the provisions of a former one, unless the two acts are directly repugnant and inconsistent. Every statute must be considered according to what appears to have been the intention of the Legislature, and even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the latter statute was clearly intended to prescribe the only rule which should govern in the case provided for, it will be construed as repealing the original act." State vs. Conkling, 19 Cal., 501, text pages 511, 512, 513. Also to same effect as the case from which the above liberal quotation is made are Ellis vs. Paige, 1 Pick., 43; Pierpont vs. Crouch, 10 Cal., 315; Campbell vs. Case, 1 Dak., 17; Bracken vs. Smith, 39 N. J. Eq., 169; Combined Saw and Planer Co. vs. Flournoy, 88 Va., 1029, 14 S. E., 976; Dexter and Limerick Plank Road Co. vs. Allen, 16 Barb., 15; State ex rel vs. Rogers, 10 Nev., 319; Little, vs. Cogswell, 20 Oregon, 345, 25 Pac., 727; Buck vs. Spofford, 31 Maine, 34; Giddings vs. Cox, 31 Vt., 607; Sutherland on Statutory Construction, Secs. 154, 156; Endlich on the Interpretation of Statutes, Sec. 201, *et seq.* The ninth section of the statute of limitations of 1872 provides in its saving clause for the first four classes of disqualified persons mentioned in the saving clause of the act of 1828, but omits the fifth class, to which class the plaintiff claims to belong. This omission would nullify any saving clause in his favor if there had been any in existence at the time of the approval of the act. Our conclusion is that the saving clause in favor of persons not within the State has been doubly repealed by two different revisions of the law. The proof shows that the plaintiff was barred by the statute of limitations.

There was no error in the judgment for the defendants, and it is affirmed.