## [388]  *B. F. WASHINGTON et al., APPELLANTS, v. ROBERT C. PAGE, CLERK OF THE COMMON COUNCIL OF THE CITY OF SAN FRANCISCO, RESPONDENT.

OFFICIAL NOTICES—STATUTE CONSTITUTIONAL.—The Act of May 3d, 1853, entitled "An Act for the better Publication of Official and Legal Notices," is constitutional, although it *impliedly* repeals certain provisions of the Charter of the City of San Francisco.

[1] CONSTITUTIONAL LAW—STATUTE TO EMBRACE BUT ONE OBJECT.—The 25th Section, Art. IV, of the Constitution of California, which provides that "Every law enacted by the Legislature shall embrace but one object, which shall be expressed in its title," etc., is merely directory, and does not nullify laws passed in violation of it.

APPEAL from the Superior Court of the City of San Francisco.

The facts of the case sufficiently appear in the opinion of the Court.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This was an application to the Court below for a *mandamus* to compel the respondent, as Clerk of the Common Council of the City of San Francisco, to make publication of certain notices in the newspaper called the "Placer Times and Transcript."

It is admitted to be the duty of the respondent to make proper publication of such notices, and also, that a *mandamus* will lie under the 468th section of the Practice Act, at the suit of the appellant, who is interested in the publication.

---

[1] Disapproved in *People* v. *Johnson*, 6 Cal. 504.    Approved *Ex parte Newman*, 9 Cal. 523; *Pierpont* v. *Crouch*, 10 Cal. 316; *Swann* v. *Buck*, 40 Miss. 295; *Bowman* v. *Cockrill*, 6 Kan 335; *In the Matter of Boston M. & M. Co.*, 51 Cal. 626; *San Francisco* v. *Spring V. W. W.*, 54 Cal. 574.   See 6 Nev. 252.

But it is contended that the Act of May 3d, 1853, entitled "An Act for the better Publication of Official and Legal Notices," indirectly appeals certain provisions of the Charter of the City of San Francisco, and is therefore in violation of the 25th section of the 4th article of the Constitution of this State, which provides: "Every law enacted by the Legislature shall embrace but one object, which shall be expressed in its title."

\* In support of this construction, the decisions of [389] the Supreme Courts of Louisiana and Georgia are relied on. After an examination of these cases, we are compelled to differ from the decisions of those Courts upon what we believe to be proper construction, as well as imperative grounds of public necessity and public policy.

We regard this section of the Constitution as merely directory, and if we were inclined to a different opinion, would be careful how we lent ourselves to a construction which must in effect obliterate almost every law from the statute book, unhinge the business, and destroy the labor of the last three years.

The first Legislature that met under the Constitution seems to have considered this section as directory, and almost every act of that, and the subsequent sessions, would be obnoxious to this objection.

The contemporaneous expositions of the first Legislature, composed of many who had participated as members of the Convention in forming our State Constitution, adopted or acquiesced in by every subsequent Legislature, and tacitly assented to by the Courts, when taken in connection with the fact that rights have grown up under it, so that it has become a rule of property, must govern our decision.

From this it follows that the Act of May 3d is not unconstitutional, because it conflicts with or repeals certain provisions of the Charter of the City of San Francisco. In fact, it may reasonably be doubted whether there is any conflict at all. What was before done, was required by the Act to be done in a certian manner. The law has made this mode obligatory; it therefore is of the essence of the notices

required to be so published, and unless conformed to they are wholly void.

With the policy or wisdom of the act we have nothing to do. It is simply our duty to determine its legality.

The judgment is reversed.