## PIERPONT *v.* CROUCH.

The twenty-fifth section of Article IV of the Constitution, which requires that every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title, is merely directory; it does not defeat laws passed in violation of it.

A statute may be repealed by implication; and where a subsequent act is repugnant to a prior one, the last operates, without any repealing clause, as a repeal of the first; and where two acts, passed at different times, are not in terms repugnant, yet if it is clearly evident that the last was intended as a revision or substitute of the first, it will repeal the first to the extent in which its provisions are revised or substituted.

APPEAL from the District Court of the Seventh Judicial District, County of Napa.

The facts of the case sufficiently appear in the opinion of the Court.

*Langdon, Hopkins, and Pond,* for Appellant.

*Pierpont* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The relator is the district-attorney, and the defendant is the auditor, of Napa county; and the question between them relates to the salary to which the relator is entitled for the quarter commencing on the first Monday of October, 1857. By the act of May, 1855, fixing the compensation of the district-attorneys of the several counties of the State, the yearly salary of the district-attorney of Napa county is fixed at one thousand dollars, but by the act of February, 1857, entitled "An Act to fix the Compensation of the County Judge and District-Attorney of Stanislaus County, and the District-Attorney of Napa County," the salary is limited to six hundred dollars. The Court below held that the relator was entitled to the salary under the act of 1855, and from its judgment directing the issuance of a warrant

for the quarter's salary, at the rate fixed by that act, the appeal is taken.

There is no assignment of errors on the part of the respondent, on file, but the positions urged in the Court below, as understood from the argument of the appellant, were, that the act of 1857 is void, because it embraces more than one object in its title, and that if not void, it does not supersede the act of 1855, as it does not repeal that act in direct terms.

Neither of these positions were well taken. The twenty-fifth section of Article IV of the Constitution, which requires that every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title, is merely directory; it does not defeat laws passed in violation of it. This was expressly decided in Washington v. Page, (4 Cal., 388,) in which the Court, per Murray, C. J., said:

" We regard this section of the Constitution as merely directory, and, if we were inclined to a different opinion, would be careful how we lent ourselves to a construction which must, in effect, obliterate almost every law from the statute-book, unhinge the business, and destroy the labor of the last three years.

" The first Legislature that met under the Constitution, seems to have considered this section as directory, and almost every act of that and the subsequent sessions would be obnoxious to this objection."

The object of the constitutional provision was to secure some congruity or connection in the subjects embraced in the same statute, but as the provision is merely directory, it can only operate upon the conscience of the law-maker. It creates a duty of imperfect obligation, for the infraction of which there is no remedy in the Courts.

A statute may be repealed by implication as well as in direct terms; and it is well settled, that where a subsquent act is repugnant to a prior one, the last operates, without any repealing clause, as a repeal of the first; and where two acts, passed at different times, are not in terms repugnant, yet if it is clearly evident that the last was intended as a revision or substitute of the first, it will repeal the first to the extent in which its provisions are revised or substituted. (Rogers v. Watrous, 8 Texas, 62; Daviess v. Fairbairn, 3 How. U. S., 636; Sullivan v. The People, 15 Ill., 233.; Leighton v. Walker, 9 N. H., 59; Dexter & Limerick Plank Road v. Allen, 16 Barbour, 18; Comw. v. Kimball, 21 Pick., 376; Harrison v. Walker, 1 Kelly, 32; Sedg. on Stat. and Cons. Law, 124.)

If we apply this rule of construction to the two acts in question, the case is closed. They both provide for the salary of the district-attorney, and were evidently intended, in both cases, to fix its limit, and as the amounts designated are different, the last

act must be considered, to the extent of the difference, as substituted for the first.

Judgment reversed, with directions to the Court below to dismiss the application of the relator.