REYNOLDS, Auditor, *vs.* McAFEE, Solicitor.

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *Solicitors elected or appointed under section 17, of article 6 of the consti-
tution ; what salary not entitled to.*—Solicitors elected or appointed under
the 17th section, of the 6th article of the constitution of Alabama, are
not entitled to the annual salaries allowed to solicitors appointed under
the Code of Alabama.
2. *Solicitor under Code ; office of, abolished by constitution.*—The office of
solicitor under the Revised Code of Alabama, is abolished by the pres-
ent constitution of Alabama, and the annual salary attached to that
office is abolished with the office.

APPEAL from the City Court of Montgomery.
Tried before Hon. J. D. CUNNINGHAM.

McAfee, the solicitor for Talladega county in this State,
on the 12th day of July, 1869, applied to the Hon. John
D. Cunningham, judge of the city court of Montgomery,
for a rule *nisi* for *mandamus* against R. M. Reynolds, as

the auditor of the State, for the purpose of compelling said Reynolds to issue a warrant to said McAfee, on the State treasurer, for the amount alleged to be due him as solicitor as aforesaid, at the rate of two hundred and fifty dollars per annum, since said McAfee was inducted into office as such solicitor.

The relator, said McAfee, shows in his petition that he was duly elected in said county as solicitor for the same, at the general election in February, 1868, and that he was duly commissioned as such solicitor on the 17th day of July, 1868, by the governor of this State, and was immediately thereafter qualified, and entered upon the discharge of the duties of his office as such solicitor, and has continued in said office and in the discharge of the duties thereof up to the date of his application, whereby he became liable to perform all the duties of said office, and entitled to all the profits, fees, and emoluments thereof. Thereupon, a rule *nisi* was granted, by said court, on this application, and served upon said auditor, who, on the 19th day of July, 1868, appeared in said city court, and showed cause against the issuance of any writ of *mandamus* against him, and in his answer denied the right of said relator to the salary claimed, upon the grounds that the office to which the said salary had attached had been abolished by the present constitution of the State, and said auditor affirmed in his said answer, that there was nothing due to the said relator as such solicitor, upon the claim set up by him in his said application.

Upon the return of the rule *nisi* and the hearing of the answer of the auditor, the court declared his answer to be insufficient, and a peremptory *mandamus* was ordered to be issued to compel the said auditor to draw his warrant on the State treasurer in favor of said McAfee, said relator, for the sum of two hundred and thirty-nine dollars and fifty cents, for the salary of relator from the 17th day of July, A. D. 1868, to the 30th day of June, 1869, inclusive; and the court also taxed the auditor with the costs of the proceedings in the city court. To this ruling and decision of the city court, the defendant Reynolds excepted, and had his exception made a part of the record in the court

below. And theieupon he appealed to this court from the ruling and decision of the court below, and assigns the same in this court for error.

JOSHUA MORSE, Attorney-General, for appellant.
JEFFERSON FALKNER, *contra.*

PETERS, J., (after stating facts as above.)— Under the constitution of this State, which existed before the adoption of the one now in force, the provision for the appointment of solicitors was in these words :

"There shall be an attorney-general for the State, and as many solicitors as the general assembly may deem necessary, to be elected by a joint vote thereof, who shall hold their offices for the term of four years, and shall receive for their services a compensation, which shall not be diminished during their continuance in office."—Const. Ala. 1819, art. 5, § 18; Code, p. 41.

The solicitors thus appointed were officers of the judicial circuits, for which they were so elected, in the State, and they were required to perform certain duties within these circuits. These duties were prescribed by law, and for neglect of them they were subject to certain penalties. Among other things, they were required to attend each regular term of the circuit court in their circuits, and remain until the business of the State was disposed of, and to attend each special term of the courts in their circuits held for the trial of a felony; and for the services thus rendered, they were each allowed an annual salary of two hundred and fifty dollars, besides fees for certain specific services.—Code of Ala. §§ 721 to 728, inclusive.

Under the constitution of the State now in force, the provision for the appointment of solicitors is quite different, and their duties are different. The provision is as follows :

"A solicitor shall be elected in each county in this State by the qualified electors of such county, who shall reside in the county for which he is elected, and perform such duties as may be required of him by law. He shall hold office for a term of four years, and in case of vacancy, such

vacancy shall be filled by the judge of the circuit, until his successor is elected and qualified."—Const. of Ala. 1867, art. 6, § 17.

The salary allowed by the Code to the solicitor, was to the officers appointed under the Code, and required to perform the duties and services therein prescribed. That office has been abolished by the present constitution, and the salary and penalties attached to it were abolished and repealed with the office. The Revised Code was not adopted, as a whole, by the present government of the State, but only those laws and parts of laws which do not conflict with the constitution and laws of the United States, and the constitution of this State, were continued in force. Pamph. Acts 1868, p. 7.

The section 860 of the Revised Code, allowing a salary to solicitors, conflicts with the present constitution of the State. It was therefore abrogated by the constitution, and it was not continued in force by the act above cited. The office and the salary are both abolished. They are inconsistent with the present law.—*Cass v. Dillon*, 2 Ohio, 607; *D. & L. Plank Road Co. v. Allen*, 16 Barb. 15; *U. States v. Irwin*, 5 McL. 178; *Pearpont v. Crouch*, 10 Cal. 315; *Giddings v. Cox*, 31 Vt. 607. In such cases, *leges posteriores priores contrarias abrogant* is the rule.—*Johnson's Estate*, 33 Penn. St. R. 511; 2 Rolle, 410; 11 Coke, 626, 630; Smith's Com. on Stat. p. 905, §§ 788, 792. The remedy, in such cases, is in the general assembly, and not in the courts.

The court below erred in granting the application of the relator; its judgment is, therefore, reversed, and this court, proceeding to render the judgment in this court that should have been rendered in the court below, orders and adjudges that the application of said relator, said McAfee, be denied, and that said relator pay the costs of this court and in the court below.

NOTE BY REPORTER.—At a subsequent day of the term, the following response was made to an application by appellee for a rehearing, by

PETERS, J.—The application for a rehearing in this case is denied.

The learned counsel for the applicant omits to observe that the legislature have not adopted the Revised Code as a whole, but have only continued "in full force and effect" "all laws and parts of laws of the Revised Code of Alabama, *except* such as conflict with the constitution and laws of the United States, or the constitution of this State."—Pamph. Acts 1868, p. 7.

It hardly needs an argument to show that the office of solicitor under the Revised Code, is not the same as that under the present constitution of the State, and that the law of the Code is in conflict with the constitution. For this reason, it is not continued in force, so far as this office is concerned.—Revised Code, § 853; Const. of Ala. 1867, art. 6, § 17. No doubt that office is destroyed by the provision in the constitution above referred to. This being so, the salary expires with the office. The new officer takes the name of the old one, and is required to "perform such duties as may be required of him by law." So far as these duties are prescribed by the Revised Code, they are still required to be performed; and so far as the law of the Code has been continued in force, but no farther.