[No. 6,471.]

# SAN FRANCISCO *v.* THE SPRING VALLEY WATER WORKS.

ASSESSMENT—CONSTITUTIONAL LAW—STATUTE.—The Act of March 19th, 1878, "to legalize the assessment of taxes in San Francisco, etc.," is not unconstitutional.

ID.—TAXATION—CAPITAL.—An assessment upon "*the capital*" of a corporation, *eo nomine, held* to be valid.

CONSTITUTIONAL LAW.—It seems that the provision of the old Constitution, that a law should embrace but one object, which should be embraced in its title, was merely directory; but *held,* unnecessary to decide the point in this case.

APPEAL from a judgment for the defendant, in the Fourth District Court, City and County of San Francisco.

The facts are stated in the opinion.

*John P. Bell,* and *Nathaniel Bennett,* for Appellant.

The *capital* of a corporation is property, within the meaning of the term as used in the Constitution and Code, and is therefore subject to taxation. (Burroughs on Tax. § 83, pp. 170–174; Cooley on Tax. 273 and note 4, 104; *Gordon* v. *Appeal Tax Court,* 3 How. 133, 150 ; *Van Allen* v. *Assessors,* 3 Wall. 373 ; *People* v. *Commissioners* etc. 4 Id. 244; *People* v. *Commissioners* etc. 23 N. Y. 191, 219 ; Burrill's Dic. tit. "Capital"; *Oswego Starch Factory* v. *Dolloway,* 21 N. Y. 441; *Farrington* v. *Tennessee,* 95 U. S. 679, 686; *Bradley* v. *The People,* 4 Wall. 459 ; *National Bank* v. *Commonwealth,* 9 Id. 353; *Dewing* v. *Perdicaries,* 96 U. S. 196 ; *Utica* v. *Churchill,* 33 N. Y. 239; *Bank of Utica* v. *City of Utica,* 4 Paige, 399; *The People* v. *Board of Supervisors of Niagara Co.* 4 Hill, 203; *The Farmers' Loan & Trust Co.* v. *The Mayor* etc. 7 Id. 261; *The Bank of Commerce* v. *N. Y. City,* 2 Black, 620 ; Pol. Code, § 3640; *People* v. *Assessors of Brooklyn,* 39 N. Y. 81; *New Orleans* v. *People's Bank,* 27 La. An. 636 ; *People* v. *Supervisors* etc. 18 Wend. 605; *Gordon* v. *New Brunswick Bank,* 1 Halst. 100 ; *Whiting* v. *City of Madison,* 23 Ind. 231; *S. C.* 3 Id. 43; *People* v. *Bradley,* 39 Ill. 130; *Westchester Gas Co.* v. *County of Chester,* 30 Pa. St. 232.)

*Fox & Kellogg,* for Respondent.

The title of the Act of March 19th, 1878, reads as follows: "An Act to legalize the assessment of taxes in the City and County of San Francisco, and to ratify and confirm a resolution of the Board of Supervisors of the City and County of San Francisco." Here we have an act which, by its very title, has two objects. The second section of the act provides for a third object. The act is also in conflict with § 2, art. 1 of the Constitution, that all laws of a general nature shall have a uniform

operation." Revenue laws are in their nature general laws. (*Mitchel* v. *Crosby*, 46 Cal. 97 ; *S. & L. Society* v. *Austin*, Id. 415.) Any law which takes San Francisco out of the uniform operation of the general law on the subject of taxation—the law which of all others ought to be general—is unconstitutional and void.

The assessment is so vague, indefinite, and uncertain as to mean nothing. It does not state either the kind, quantity, or value of the property assessed. (*Falkner* v. *Hunt*, 16 Cal. 167 ; *People* v. *Hoadley*, 25 Id. 300 ; *Ferris* v. *Coover*, 10 Id. 589 ; *People* v. *S. F. S. U.* 31 Id. 132.) The Legislature could not cure such an assessment by a legislative enactment. If the term " capital " is used in the sense of " capital stock "—and it must mean that, or it is meaningless—it has been settled and determined by this Court that it is not liable to assessment. (*People* v. *National Gold Bank*, 51 Cal. 508.)

Department No. 2, SHARPSTEIN, J.

This is an action for the recovery of city and county taxes for the fiscal year 1876–7. The defendant demurred to the complaint on the following grounds :

" 1. That the plaintiff hath not the legal capacity to sue or to maintain this action ; for that the action, if maintainable at all, must be brought and prosecuted in the name of the people of the State of California, and not of this plaintiff.

" 2. That several causes of action have been improperly united in said complaint, and in one count thereof, viz., a cause of action for an indebtedness alleged to be due to the City and County of San Francisco, and another cause of action for an indebtedness alleged to be due to the State of California.

" 3. That said complaint does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the Court, the plaintiff declined to amend the complaint, and judgment was entered for the defendant. From that judgment the plaintiff has appealed to this Court. It is conceded by the counsel for respondent that the form of the complaint is in accordance with the provi-

sions of the statute under which the action is brought. (Stat. 1877-8, p. 338.) But they insist that the act is unconstitutional. The objection that the act embraces more than one object, and that two are expressed in its title does not seem to us to be tenable. It has been decided in this State that the constitutional provision which declared that a law should embrace but one object, which should be expressed in the title, was merely directory. ( *Washington* v. *Page,* 4 Cal. 388 ; *Pierpont* v. *Crouch,* 10 Id. 315.)

But it is unnecessary for us at this time to express our approval or disapproval of those decisions, as we do not think that this act embraces more than one object, or that more than one is expressed in its title. There can be no doubt, we think, of the intention of the Legislature to confer upon the plaintiff, the authority to bring and maintain actions of this character. That intention might be more directly, but hardly more plainly, expressed than it is in the act. Nor do we think that the act is obnoxious to the objection that it does not have " a uniform operation." General laws must have. But this is not a general law. It is limited by its very terms to the municipal corporation of the City and County of San Francisco. With the general subject of taxation it does not attempt to deal. It simply attempts to provide for the collection of taxes, assessed, levied, and delinquent, within a specified municipality. ( *People* v. *C. P. R. R.* 43 Cal. 433.)

Upon the point which is most elaborately presented by the respondent, that the suit is brought to collect a tax alleged to be due upon an assessment of " capital," and that capital, unless it means " capital stock," is meaningless, and that " capital stock " is not taxable, we have only to remark that if it possesses value it is taxable, and it was the duty of the Assessor to ascertain whether it did, and he having determined that it did, we cannot on demurrer overrule his determination. The Court cannot, as a matter of law, decide that capital or capital stock is of no value, or that it does not belong to the corporation to which it is assessed. It was the duty of the Assessor to decide those questions. No law has been brought to our attention which forbids a corporation owning its capital or capital stock, or that declares that neither

is of any value and not taxable. On the other hand, it has been held quite recently in New York that the capital stock of a corporation is the money or property put into the corporate fund by the subscribers. for said stock, which fund becomes the property of the corporation. (*Burrall* v. *B. R. R. Co.* 75 N. Y. 211.)

. The objection that it is not alleged in the complaint that the defendant's principal office or place of business is within the City and County of San Francisco, was. not specifically raised by the demurrer, and if it had been we are not prepared to hold that it could be sustained.

Judgment reversed, and cause remanded to the Superior Court of the City and County of San Francisco, with directions to overrule the demurrer to the complaint, with leave to the defendant to answer within the time usually allowed.

MYRICK, J., and THORNTON, J., concurred.