PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CATALINO FIGUEROA, Defendant and Appellant.

No. 2245. Argued March 3, 1925.—Decided April 15, 1925.

1. MURDER—INDICTMENT—VERIFICATION—TARDY OBJECTION.—An objection that the indictment was not sworn to by the district attorney, assuming that section 145 of the Code of Criminal Procedure is applicable to indictments, comes too late if made after the petit jury have been impaneled.

2. ID.—ID.—ID.—An indictment found and presented by a grand jury need not be sworn to by the district attorney.

3. ID.—ID.—PLEADING.—In an indictment for murder in the first degree an allegation that the victim died as the direct result of a bullet wound a few seconds after being wounded is a sufficient averment that the wound was mortal.

District Court of Guayama, Gabriel Castejón, J. Judgment of conviction of murder in the first degree. *Affirmed.*

*Bolívar Pagán* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

A grand jury indicted Catalino Figueroa for the crime of murder in the first degree and, upon being found guilty by a petit jury of the said offense with extenuating circumstances, the trial court sentenced him to imprisonment for life.

An appeal was taken from the judgment and in his brief the appellant assigns three errors.

The first assignment is that the indictment was not sworn to by the district attorney. That question was raised in the district court, but after arraignment and after the trial jury had been impaneled.

[1] Section 145 of the Code of Criminal Procedure, on which the appellant relies, reads as follows:

"Sec. 145.—An information charging a felony, not subscribed and sworn to by the prosecuting officer, must be set aside by the court, upon the defendant's motion, made at the time he is arraigned."

Therefore, assuming that this statute applies to an indictment found by a grand jury, the defendant's opportunity to exercise the right of objection had passed. The defect is not jurisdictional and for this reason the objection, being one to a mere irregularity, is waived if not made in time. 14 R. C. L. 209. See also *People* v. *Aponte,* 9 P.R.R. 345.

[2] However, examining the question directly, we find no provision in the Grand Jury Act of June 18, 1919 (Session Laws of 1919, p. 302), requiring that the indictment be sworn to by the district attorney, and it does not seem that this should be necessary because, strictly speaking, that official does not present the indictment. Under the new procedure his duty is only to make an investigation and submit it to the grand jury who finally decide the matter after a new investigation, indorsing or refusing to indorse the indictment. The Grand Jury Act contains only two sections that may have some relation to the question under discussion, but they are not applicable. They read as follows:

"Sec. 54.—The provisions of sections 147, 148 and 149 of the Code of Criminal Procedure shall be applicable to all proceedings had before or after a motion to set aside an indictment."

"Sec. 57.—That an indictment having been filed with the court by the grand jury, the same procedure as in the case of an information by the district *fiscal,* shall be followed subsequently as far as possible." Acts of 1919, pages 318 and 320.

Section 57 might create some doubt as to whether or not

the indictment must be sworn to, but, as already said, an indictment is not, properly speaking, made by the district attorney, but is found and filed in court by the grand jury.

[3] The appellant assigns as the second error failure to allege in the indictment that the wound inflicted upon the deceased was mortal and contends that this is an essential requisite in an indictment for this offense.

The indictment reads as follows:

"The said defendant, Catalino Figueroa, prior to the filing of this indictment, or on or about the 5th of February, 1923, at the Tuna plantation of Guayama, P. R., which forms part of the judicial district of the same name, then and there unlawfully, wilfully and with express malice aforethought and the firm and deliberate intent to kill, showing a perverted and malignant heart, killed in an unlawful manner a human being named Ceferino Colón, at whom he fired four shots with a revolver that he carried, one of the bullets penetrating the sternum at the height of the fourth intercostal region and coming out from the right scapular region at the height of the ninth intercostal space. As a direct result of the said bullet wound the said Ceferino Colón died a few seconds after being wounded. The said shots were fired by Catalino Figueroa at Ceferino Colón, now deceased, with the intent to kill him."

The indictment shows on its face that it conforms to the law and the jurisprudence.

In the case of *People* v. *Judd*, 10 Cal. 315, the Supreme Court of California said:

"The second ground relied upon is frivolous. The allegation that the deceased at the time died of the wound inflicted is a sufficient statement that the wound was mortal."

The third and last assignment refers to the weighing of the evidence which, as a whole, is sufficient to support the verdict of the jury, for although the defendant attempted to prove an alibi, some of his witnesses testifying that he was in his home at the time of the occurrence, others of his own witnesses testified that he was present at the place

where the Government's witnesses said they saw him shoot Ceferino Colón.

For all of the foregoing the judgment of the trial court must be affirmed.