EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
CATALINO FIGUEROA, acusado y apelante.

No. 2245.—*Visto:* Marzo 3, 1925. *Resuelto:* Abril 15, 1925.

1. *"Indictment"* Y ACUSACIÓN—RENUNCIA DE DEFECTOS Y OBJECIONES—SUBSANACIÓN POR VEREDICTO—OBJECIÓN EN CUANTO AL JURAMENTO.—La objeción de no haberse jurado la acusación de un gran jurado por el fiscal, asumiendo el artículo 145 del Código de Enjuiciamiento Criminal aplicable a éstas, es tardía cuando se presenta después de constituído el pequeño jurado y de haberse leído la acusación.

2. *"Indictment"* Y ACUSACIÓN—REQUISITOS FORMALES DEL *"Indictment"*—JURAMENTO DEL FISCAL INNECASARIO.—No es requisito de una acusación formulada y presentada por el gran jurado el_que aquélla esté jurada por el fiscal.

3. HOMICIDIO—*"Indictment"* Y ACUSACIÓN—MUERTE A CONSECUENCIA DE HERIDAS—ALEGACIÓN SUFICIENTE DE QUE LA HERIDA ES MORTAL.—En una acusación por asesinato en primer grado, la alegación de que la víctima murió ''a consecuencia directa de una herida de bala segundos después de recibir dicha herida'' es una alegación suficiente de que la herida era mortal.

HOMICIDIO—EVIDENCIA—APRECIACIÓN Y SUFICIENCIA—ASESINATO EN PRIMER GRADO CON ATENUANTES.—Examinada la prueba en el caso de autos, *se resolvió:* que la misma era suficiente para sostener el veredicto del jurado.

SENTENCIA de *Gabriel Castejón,* J. (Guayama), condenando al acusado por delito de asesinato en primer grado, con atenuantes. *Confirmada.*

*Bolívar Pagán,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El Gran Jurado acusó a Catalino Figueroa de un delito de asesinato en primer grado y declarado culpable por el pequeño jurado del mismo delito con circunstancias atenuantes, la corte inferior dictó sentencia y le impuso la pena de reclusión perpetua.

Se apeló de la sentencia y en su alegato el apelante sostiene la comisión de tres errores.

Fúndase el primer error en no haberse jurado la acusación por el Fiscal. La cuestión fué levantada en la corte inferior pero después de constituído el jurado y de haberse dado lectura a la acusación.

[1] El artículo 145 del Código de Enjuiciamiento Criminal, en el cual se basa el apelante, dice:

"Art. 145.—Una acusación denunciando un delito grave (*felony*) que no viniere firmada y jurada por el fiscal, será desestimada por el tribunal, a instancia del acusado hecha al formularse la acusación."

De manera que asumiendo que dicho precepto fuese aplicable a las acusaciones encontradas fundadas por el gran jurado, la oportunidad de ejercitar el acusado tal derecho había pasado. El defecto no es jurisdiccional y es la razón de que no presentándose en tiempo la objeción, ello implica la renuncia de lo que solamente envuelve una mera irregularidad. 13 R.C.L. 209. Véase además *El Pueblo* v. *Aponte,* 9 D.P.R. 387.

[2] Si examinamos, no obstante, directamente la cuestión, no encontraremos que la ley del gran jurado, aprobada en junio 18 de 1919 (Leyes de 1919, p. 303) requiera que la acusación sea jurada por el fiscal—y no parece que fuese necesario hacerlo porque no es dicho funcionario quien, estrictamente hablando, formula la acusación. El, en el nuevo procedimiento solamente practica una investigación previa la que presenta al Gran Jurado y este organismo es quien resuelve en definitiva, mediante otra investigación, endosando o no la acusación. La ley del Gran Jurado contiene solamente dos secciones que podían tener cierta relación con la cuestión que se discute, pero que no serían aplicables. Las dos secciones leen como sigue:

"Sec. 54.—Las disposiciones de los artículos 147, 148 y 149 del Código de Enjuiciamiento Criminal serán aplicables a todos los procedimientos seguidos antes o después de una moción para sobreseer una acusación."

"Sec. 57.—Presentada que sea una acusación del Gran Jurado ante la corte se seguirán en lo sucesivo en cuanto sea posible los mismos procedimientos que si se tratara de una acusación fiscal del distrito." Leyes de 1919, págs. 319 y 321.

La última sección es la que podía levantar alguna duda respecto a si la acusación debe ser o no jurada, pero ya hemos dicho que no se trata propiamente de una acusación del

fiscal sino de la que es formulada y ha sido presentada por el Gran Jurado ante la corte.

[3] Alega el apelante como motivo del segundo error que no se alega en la acusación que la herida recibida por el interfecto era mortal y sostiene que este es un requisito esencial en una acusación de tal naturaleza.

La acusación dice como sigue:

"El referido acusado Catalino Figueroa, en época anterior a la presentación de esta acusación, o sea allá el día cinco de febrero de 1923, y en la colonia 'Tuna' de Guayama, P. R., que forma parte del Distrito Judicial del mismo nombre, allí y entonces, de una manera ilegal y voluntaria, con malicia premeditada y expresa, y firme y deliberado propósito de matar, y demostrando tener un corazón pervertido y maligno, dió muerte ilegal al ser humano nombrado Ceferino Colón, al cual le hizo cuatro disparos con un revólver que portaba, uno de cuyos disparos le causó una herida penetrante con orificio de entrada en el hueso esternón al nivel del cuarto espacio intercostal, y con orificio de salida en la línea escapular media derecha al nivel del noveno espacio intercostal, y a consecuencia directa de dicha herida de bala falleció el ya mencionado Ceferino Colón segundos después de recibir dicha herida, y que tales disparos fueron hechos por Catalino Figueroa, al hoy interfecto Ceferino Colón con intención de matarlo."

La simple lectura de la acusación es bastante para decir que ella se ajusta a la ley y a la jurisprudencia.

En el caso de *People* v. *Judd,* 10 Cal. 315, la Corte Suprema de California, dijo:

"El segundo fundamento alegado es frívolo. La alegación de que la víctima murió en la época mencionada de la herida recibida es una alegación suficiente de que la herida era mortal."

[4] El tercero y último error se refiere a la apreciación de la prueba. Hemos examinado dicha prueba y ella en conjunto es suficiente para sostener el veredicto del jurado pues si bien el acusado intentó establecer una coartada (*alibi*) diciendo algunos testigos de defensa que él se encontraba en su casa en el momento del suceso, otros de la misma defensa hablan sin embargo de su presencia en el

sitio en que los testigos de cargo declaran haber visto al acusado haciendo los disparos a Ceferino Colón, interfecto.

Por todo lo expuesto, *debe confirmarse la sentencia de la corte inferior.*