EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS HERNÁNDEZ, acusado y apelante.

Núm. 9807.—*Sometido:* Febrero 25, 1943. *Resuelto:* Marzo 17, 1943.

*Samuel R. Quiñones,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El acusado fué convicto por el delito de daños maliciosos porque "ilegal, voluntaria y maliciosamente, con intención criminal de dañar o destruir propiedad ajena" hirió con un machete dos vacas y una novilla pertenecientes a Pedro Juan Gerardino. Ha apelado de la sentencia de la corte de distrito que le impuso cuatro meses de cárcel.

**██** Alega primeramente que la corte de distrito carecía de jurisdicción porque la "acusación" no estaba suscrita por el fiscal del distrito ni se basada en la declaración jurada de testigos examinados por el fiscal, tal como lo exige la ley. Pero el récord demuestra que este caso se originó, no en la corte de distrito, sino en la corte municipal, ante la cual un policía radicó debidamente la denuncia. Toda vez que presumiblemente el caso fué visto por la corte de distrito en apelación procedente de la corte municipal, los requisitos que se exigen al instituirse una causa criminal ante la corte de distrito no son de aplicación a este caso. Además, el acusado en este caso se declaró inocente en la corte de distrito y entró a juicio sin levantar esta cuestión. Por lo tanto, aun si hubiera existido tal defecto, esta conducta de parte del acusado constituyó una renuncia del mismo. *Pueblo* v. *Figueroa,* 34 D.P.R. 134.

**** El acusado también alega que en el presente caso no se estableció ni malicia en general ni malicia dirigida específicamente contra Gerardino, el dueño de los animales. Recientemente hemos reafirmado, en una opinión del Juez Presidente Sr. del Toro, la necesidad de alegar y probar la malicia en el delito bajo discusión. *Pueblo* v. *Galeno Cabán,* 61 D.P.R. 406, resuelto en 16 de febrero de 1943. Pero debe tenerse en cuenta que tal malicia "puede inferirse de declaraciones, de actuaciones anteriores, y aun de la malignidad peculiar del acto." (2 Wharton's *Criminal Law* 1639, Sec. 1323 (12 *a* ed. 1932)). Y aunque "Debe haber malicia contra el dueño o poseedor . . . [no es fatal que] . . . tal dueño o poseedor sea desconocido personalmente al ofensor" (2 Wharton's supra, a la pág. 1636, Sec. 1322; palabras en corchetes nuestras). Esta misma idea fué enunciada en *State* v. *Waltz,* 139 N. W. 458 (Iowa, 1913) a las págs. 459, 60:

"Se arguye nuevamente por el apelante que debe demostrarse que el acto es intencional y malicioso en relación a la persona cuya propiedad se alega ha sido damnificada. Si estuvo empeñado en ocasionar daño, e intencional y maliciosamente destruyó la propiedad,

es enteramente inmaterial el hecho de si sabía quién era el dueño al momento en que cometió el acto. Si bien debe establecerse la malicia dirigida contra el dueño, no es necesario que el acusado supiera quién era el dueño al momento de cometer el acto. Porque, si al momento de realizarse el acto, estaba empeñado en ocasionar el daño y maliciosamente destruyó la propiedad, temerariamente, sin tener en cuenta a quien pertenecía, impulsado por una mente perversa a destruir o causar daño, ello constituiría suficiente malicia de acuerdo con la ley, que exige malicia contra el dueño.''

Al mismo efecto, *Commonwealth* v. *Hosman*, 154 N. E. 76 (Mass., 1926).

Todos los casos, incluyendo el nuestro, advierten que las cortes deben estar alertas para evitar el uso de la maquinaria del derecho criminal, mediante persecución por daños maliciosos, como un método indirecto de hacer valer una alegada responsabilidad civil. [6] El modo de enfocar esta cuestión fué enunciado hace años por esta corte en *Pueblo* v. *Valdés*, 23 D.P.R. 713, a la pág. 718: ''Cualquiera que sea la clase o grado de malicia necesaria para constituir el delito, su existencia siempre puede negarse mediante prueba adecuada de que otros han sido los motivos y 'el motivo por el cual una persona mata o causa daño a un animal que penetra en la propiedad ajena es el medio que hay para probar la criminalidad del acto.' 1 Wharton, *Ley Criminal*, página 205, sección 159; . . .''.

Analizando los hechos de este caso, no tenemos duda alguna que el motivo que tuvo el acusado para herir los animales aquí envueltos fué suficientemente demostrado para justificar la convicción por daños maliciosos. La prueba fué al efecto de que el acusado y Gerardino, dueño de los animales, eran vecinos colindantes; que Gerardino había prestado algún dinero al acusado, quien trató de saldar esta deuda dando a Gerardino un cerdo que en realidad pertenecía a este último; que este incidente produjo tirantez entre ellos; que en otra ocasión el acusado había tratado de agredir a Grardino, pero se le impidió hacerlo. La defensa descansó

en una coartada; la corte inferior eligió dar crédito a un testigo ocular que declaró que había visto al acusado "picando las vacas".

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.