EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL ARRIETA RÍOS, acusado y apelante.

Núm. 10158.—*Sometido:* Noviembre 12, 1943. *Resuelto:* Diciembre 22, 1943.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Angel Arrieta fué convicto de un delito de daños maliciosos y en este recurso sostine que la corte inferior erró, "al dejar de considerar y aplicar . . . la regla al efecto de que para que la ofensa supuestamente cometida por el acusado constituya un delito de daños maliciosos, debe aparecer que el daño (*mischief*) por él realizado fué en sí el objeto y propósito de su actuación, no existiendo el delito si el daño . . . era incidental a otro acto del acusado, bien fuera dicho otro acto uno legal o ilegal", porque en el presente caso no

existe el grado de malicia necesario y porque la sentencia es contraria a la prueba.

■■ La prueba creída por la corte sentenciadora demostró que el día 26 de septiembre de 1942 varias personas, propagandistas políticos, se dirigieron en un automóvil por un camino, público según unos testigos y privado según otros, que atraviesa terrenos pertenecientes a la Central Juanita de Bayamón; que en dicho automóvil había instalado un amplificador conectado a unos micrófonos a través de los cuales se hacía propaganda en contra de la Central Juanita y sus dueños; que dichas personas continuaron hasta la terminación del camino y al regresar encontraron al acusado que había interceptado el tránsito con su automóvil; que el acusado se dirigió al automóvil de los propagandistas y arrancó del mismo una bandera que portaba y con el asta rompió los amplificadores inutilizándolos.

Nada hay en la prueba, ni aún en la de defensa, que demuestre que los propagandistas políticos profirieran frases ofensivas para el acusado personalmente. Por el contrario, el testigo de la defensa Enrique Rodríguez declaró que lo que allí se dijo por los que iban en el automóvil "fué todo en relación con la Central Juanita, Inc., no se refirieron en ningún momento a don Angel."

El apelante en su alegato no ataca la sentencia porque niegue que él realizara el daño a los amplificadores o altoparlantes, sino que se limita a sostener que no se probó que él actuara con malicia siendo ésta un elemento esencial del delito imputado. Creemos que la prueba creída por la corte inferior es suficiente para sostener la sentencia. En el reciente caso de *Pueblo* v. *Hernández,* 61 D.P.R. 586, hicimos un resumen de la jurisprudencia sobre la materia y resolvimos, según aparece del sumario, que: " . . . la malicia puede inferirse de declaraciones, de actuaciones anteriores y aun de la malignidad peculiar del acto." y que "Cualquiera que sea la clase o grado de malicia necesaria para constituir el

delito de daños maliciosos, el motivo que indujo al acusado es el medio que hay para probar la criminalidad del acto.''

Bajo las circunstancias concurrentes en el presente caso el motivo que tuvo el acusado para romper los amplificadores fué el hecho de haberse hecho propaganda política en contra de la Central Juanita, empero ese hecho en sí no justificó su intención pues como hemos dicho nada hay en la prueba que demuestre que a él personalmente se le insultara o provocara. Si los propagandistas no tenían derecho a transitar por el camino y si en alguna otra forma violaron la Ley, no correspondía al acusado actuar en la forma en que lo hizo. Para eso existen los tribunales de justicia.

No consideramos que la actuación del acusado fué incidental a otro acto suyo y que por tanto no hubo malicia, pues la prueba creída por la corte demostró que el incidente a que se refiere el acusado ocurrió con posterioridad y como consecuencia de haber él destruído los amplificadores.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.