A. W. RICH v. MORITZ GROSS ET AL.

[FILED APRIL 8, 1890.]

1. **Removal of Causes**: MORTGAGES : FORECLOSURE. In an action brought by a citizen of Wisconsin in the district court of Madison county, to foreclose three real estate mortgages, the mortgagors and all parties holding judgment liens against the mortgaged premises were made defendants. M. F. & Co., having a judgment lien, filed an answer in the nature of a creditor's bill, setting up that the mortgagors were insolvent and that the mortgages and two certain judgments which were apparent liens on the land, were each given without consideration and for the sole purpose of defrauding M. F. & Co. *Held*, That there was in the suit a separable controversy wholly between citizens of different states and that the cause was removable on the application of M. F. & Co., under the third clause of sec. 2 of the removal act of March 3, 1887.

2. ———. That the order of removal made in the cause, to transfer the entire suit to the federal court, was proper.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*Allen & Robinson*, for plaintiff in error, cited: *Miller v. Finn*, 1 Neb., 254; *Hanover Fire Insurance Co. v. Keogh*, 7 Fed. Rep., 764; *Merwin v. Wexel*, 49 How. Pr. [N. Y.],115; *Bryant v. Rich*, 106 Mass., 180; *Cork v. State Nat'l Bank*, 52 N. Y., 96; *Greer & Baker Co. v. Florence Co.*, 85 U. S. [Co-op. Ed.], 21, 914; note to *Mapler v. Del. R. Construction Co.*, 25 Id., 593–4; *Ayres v. Wiswall*, 28 Id., 693–5.)

*Montgomery & Jeffrey*, for Marshall Field & Co., cited: Removal Cases, 100 U. S., 457; *Pacific Railroad v. Ketchum*, 101 U. S., 289, 298; *Fraser v. Jennison*, 106 U. S., 191, 194; *Barney v. Latham*, 103 U. S., 205, 213.

22

NORVAL, J.

This action was commenced by the plaintiff in error in the district court to foreclose three real estate mortgages executed respectively by Moritz, Herman, and Joseph Gross, covering different tracts and each securing the sum of $3,333.35 and interest. Bernhard and Jacob Gross, the mortgagees of each of the mortgages, assigned their interest therein to the plaintiff. To the suit, Moritz, Herman, Joseph, Bernhard, and Jacob Gross, Lewis B. Schram, Marshall Field & Co., and numerous other persons were made defendants. The petition, in addition to the usual allegations contained in a petition for foreclosure, alleges "that Marshall Field & Co., Bernhard Gross, Jacob Gross, and Louis B. Schram claimed to have some interest in or title to the mortgaged real estate, the nature and character of which is unknown to the plaintiff; but the plaintiff avers that whatever interest in or title to said mortgaged real estate any or all of said defendants may have or claim, the same is junior to the plaintiff's mortgaged liens."

Marshall Field & Co., within the time prescribed by law for the defendants to plead, filed their answer, which is in the nature of a creditor's bill. The substance of this pleading is that Marshall Field & Co. obtained a judgment for $2,051.90 in the United States circuit court for the district of Nebraska against the mortgagors, which is a lien on the mortgaged premises, and that the defendants in said judgment are insolvent; that plaintiff's mortgages were given without consideration and for the express purpose of defrauding Marshall Field & Co., and that plaintiff purchased said mortgages with a full knowledge of their fraudulent character; that the mortgagors, Moritz Gross, Herman Gross, and Joseph Gross, who were then and now are the creditors of the answering defendants, confessed judgment in favor of Jacob Gross and Bernhard Gross for

an alleged indebtedness; that said Jacob and Bernhard claim a lien upon said real estate for a portion of said confessed judgment, and that said judgment is without consideration and was obtained for the sole purpose of defrauding the answering defendants. The answer also charges that the defendants Moritz, Herman, and Joseph, without consideration and for the like purpose of defrauding, confessed judgment in favor of the defendant Lewis Schram, which is claimed as a lien upon the mortgaged premises. The answer prays for the cancellation of said mortgages and judgments, and that the real estate be subjected to the payment of the judgment of Marshall Field & Co.

At the time said Marshall Field & Co. filed their answer, they filed a petition in said district court for the removal of the cause to the circuit court of the United States. This petition states as ground for removal " that the matter and amount in dispute in said suit exceeds the sum or value of $2,000; that there is in said suit a controversy which is wholly between citizens of different states, to-wit, between your petitioners Marshall Field & Co., the said plaintiff A. W. Rich, and the said defendants Bernhard Gross, Jacob Gross, and Louis B. Schram, and which can be fully determined as between them; and that your petitioners at the commencement of said action were and still are citizens of the state of Illinois, and that the said A. W. Rich, Jacob Gross, Bernhard Gross, and Louis B. Schram were then and still are citizens of the state of Wisconsin." The bond was filed and the district court entered an order of removal, to which the plaintiff excepts.

The right to change the venue of this cause from the state to the federal court is based upon the third clause of sec. 2 of the removal act of March 3, 1887, as corrected by the act of August 13, 1888, which provides that: "And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them,

then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The controlling question is this, Do the pleadings show that there is involved in the suit two or more separate and distinct causes of action, in which all the parties on one side of one of such causes of action are citizens of different states from the parties on the other side ? The plaintiff in error insists that there is but a single controversy. If so, then under the decisions of the United States supreme court the suit cannot be removed under the above quoted clause, even though there may exist different defenses. (*Hedge Co. v. Fuller*, 122 U. S., 535 ; *Staun v. New York*, 115 U. S., 248 ; *Louisville, etc., R. Co. v. Ide*, 114 U. S., 52.)

The controversy set up by Marshall Field & Co. in their answer is entirely separate and distinct from the controversy presented by the plaintiff's petition, and, so far as the answer attacks the *bona fides* of the judgments confessed in favor of Jacob Gross and Bernhard Gross, and also the one in favor of Louis Schram, it sets up a cause of action in which the plaintiff is in no way interested. It is obvious that Marshall Field & Co. could have brought an independent action against the plaintiff, Louis Schram, Jacob and Bernhard Gross to cancel as fraudulent and void the said mortgages and judgments, and to subject the real estate to the payment of their own judgment. That is the cause of action here presented in the answer, and is entirely separate and distinct from the cause of action stated in the plaintiff's petition. In the controversy tendered by the answer, all parties on one side thereof are citizens of different states from those on the other. The petition for removal shows that Marshall Field & Co., who are solely interested on one side of such cause of action, are citizens of the state of Illinois, and that the plaintiff A. W. Rich, and the defendants Louis Schram, Jacob Gross, and Bern-

hard Gross, who are alone interested on the other side, are all citizens of Wisconsin. In our view no error was committed in making the order of removal. (*Frazier v. Jennisson,* 106 U. S., 191.)

The case of *Ayres v. Wiswall,* 112 U. S., 187, cited by plaintiff in error, differs from the one at bar in that it presented but one controversy with several separate defenses.

It is urged that the district court erred in ordering the removal of the entire suit. The ruling in that regard is within the decision of *Barney v. Latham,* 103 U. S., 205. The order of removal made by the district court is

AFFIRMED.

THE other judges concur.