[Filed January 21, 1891.]

## THOMAS C. LITTLE *v.* C. A. COGSWELL.

REPEAL BY IMPLICATION.—A new statute, revising the whole subject matter of an old one and evidently intended as a substitute for it, although there is no clause to that effect, will operate as a repeal of the old law.

Lake county: L. R. WEBSTER, Judge.

Defendant appeals. Reversed.

The respondent recovered a judgment in the circuit court for Lake county against appellant in an action at law, and filed a statement of his costs and disbursements, which included the clerk's and sheriff's fees, to which appellant filed objections. The county clerk found for respondent, from which an appeal was taken to the circuit court and that court allowed respondent as disbursements paid W. T. Boyd, county clerk, $16.95, and an additional sum of thirty-three and one-third per cent, to wit, $5.65, making a total of $22.60, and paid Wm. Carl, sheriff, $6.50, and an additional thirty-three and one-third per cent, to wit, $2.17, making a total of $8.67, from which judgment this appeal is taken.

*P. P. Prim*, and *H. K. Hanna*, for Respondent.

*C. A. Cogswell*, for Appellant.

BEAN, J.—The only question presented by this appeal is whether the clerk and sheriff of Lake county are entitled to receive for their services thirty-three and one-third per

cent in addition to the fees provided in sections 3 and 4 of the act of the legislative assembly, approved February 25, 1885. An intelligent understanding of this question requires a brief reference to the various acts of the legislature concerning the fees of these officers. In 1882 (Laws of 1882, 457) an act was passed regulating the fees of clerks and sheriffs in the various counties of the state, which, for the purposes of this case, may be said to have divided the counties into three classes, and provided a schedule of fees for each class. Sections 2 and 3 of this act provide the fees for the clerks and sheriffs in the counties of the first class. Section 7 provides that clerks and sheriffs in certain counties, including Lake, shall receive for their services an additional compensation to that provided for those in the first class of thirty-three and one-third per cent; while sections 8 and 9 provide a schedule of fees for the counties of the third class, which are the counties of Coos, Curry, Clatsop, Columbia, Josephine and Tillamook, the fees for these counties being largely in excess of those provided for the other counties. In 1885 (Laws, 1885, 63) an act was passed, approved February 23, 1885, amending section 7 of the act of 1882, by adding to the counties of the second class therein named the counties of Baker, Union and Grant. At the same session of the legislature an act was passed, approved February 25, 1885, amending sections 7, 8 and 9 of the act of 1882 by omitting the counties of Lake and Klamath from section 7, and adding these counties to sections 8 and 9, thus transferring these counties from the second to the third class.

It is contended by counsel for respondent that the attempt to amend section 7 of the act of 1882 by the act of February 25, 1885, is void, because this section had already been amended at the same session of the legislature two days previously, and therefore the clerk and sheriff of Lake county are entitled to receive for their services the fees provided in sections 3 and 4 of the act of February 25, 1885, and an additional thirty-three and one-third per cent on account of the provisions of the act of February 23, 1885.

Conceding that the attempt to amend section 7 of the act of 1882 is void, as claimed by counsel, the conclusion as contended for does not follow. The only matter under consideration by the legislature at the time the act of February 25, 1885, was passed, was the fees to be allowed the clerks and sheriffs of Lake and Klamath counties. This is apparent from the general scope of the act. The only modification it makes in the act of 1882 is in transferring these two counties from the second to the third class, thereby largely increasing the fees of the clerks and sheriffs in these counties. It was evidently intended to revise the whole subject of the fees of these officers, and as a substitute for all previous legislation on that subject, by transferring Lake and Klamath counties from the second to the third class. Although the attempt to amend section 7 of the act of 1882 by omitting Lake and Klamath counties from the counties therein named may be void, the amendment of sections 8 and 9 by adding these counties is valid, and clearly expresses the legislative intent. A careful comparison of this act with the act of 1882 can leave no doubt that it was the intention of the legislature by the latter statute to revise the entire matter to which they both had reference, to make such changes in the fees of these officers as it thought best, and to substitute its will as expressed in sections 3 and 4 of the act of 1885 for the old law. The act of February 25, 1885, being intended to revise the subject of the fees of clerks and sheriffs of these counties, although it had no clause to that effect, operates as a repeal of all former acts in relation to the same subject matter. Repeals by implication are not favored, but a new statute revising the whole subject matter of an old one, and evidently intended as a substitute for it, will operate as a repeal of the old law, although there is no clause to that effect. This has repeatedly been held by this court (*Grant Co.* v. *Sels*, 5 Or. 243; *Hurst* v. *Hawn*, Id. 275; *Fleischner* v. *Chadwick*, Id. 152) and is generally recognized by the courts. (*Rogers* v. *Waterous*, 8 Tex. 62, 58 Am. Dec. 100; *Daviess* v. *Fairbairn*, 3 How. 636; *U. S.* v. *Tynen*, 11 Wall. 88; *Pierpont* v. *Crouch*, 10 Cal. 315; *Towle* v. *Marrett*, 3 Greenl. 22;

14 Am. Dec. 206.) In *Grant County* v. *Sels, supra,* the court held that an act of the legislature fixing the salary of the county judge of that county at $800 a year operated as a repeal of a former act fixing his salary at $1,200, although it contained no clause to that effect, and that the county could maintain an action to recover from the defendant money paid him under the former act. To the same effect is the case of *Pierpont* v. *Crouch,* 10 Cal. 315. So that, conceding that section 2 of the act of February 25, 1885, which attempts to amend section 7 of the act of 1882, is invalid and of no effect, a question, however, we do not undertake to decide, there still remains sufficient of the act of 1885 to clearly show the legislative intent. By the act of 1882 no schedule of fees was provided for the counties of Lake and Klamath, but the clerks and sheriffs of these counties were to receive the fees provided for counties of the first class with thirty-three and one-third per cent added, which still made their fees much less than prescribed for counties of the third class. By sections 3 and 4 of the act of February 25, 1885, these counties were transferred to the third class and a schedule of fees prescribed, and it would certainly be doing violence to the clearly expressed legislative intent to so construe this act as to allow these officers the maximum fees provided for any of the counties of the state, and an additional compensation of thirty-three and one-third per cent. In the construction of a statute the intention of the legislature is to be pursued if possible. To ascertain this intention, resort may be had to the entire act; and while section 2 of the act of February 25, 1885, may be invalid on account of some technical defect, we still have a right to examine it in order to ascertain the purpose and intent of the legislature.

It follows, therefore, that the judgment of court below must be reversed, and this cause remanded to the court below with directions to enter a judgment in favor of the respondent for $16.95 for clerk's fees and $6.50 for sheriff's fees, and that appellant recover his costs and disbursements.