[Decided April 19, 1897.]

## CONTINENTAL INS. CO. *v.* RIGGEN.

(48 Pac. 476.)

1. REPEAL OF STATUTE — INSURANCE.—Sections 8 and 9 of the law of 1864, requiring foreign insurance companies doing business in Oregon to execute and record a power of attorney in each county where they should have resident agents (Laws 1864, p. 745, Hill's Ann. Laws, § 3276), were impliedly repealed by the statute of 1887 on the same subject (Laws 1887, p. 118, Hill's Ann. Laws, §§ 3563–3586). This latter statute prescribed in detail the conditions on which foreign insurance

companies might be admitted into this state, and is plainly a substitute for the prior law so far as it refers to appointing a person on whom service of summons may be made: *Little* v. *Cogswell*, 20 Or. 345, applied.

2. FOREIGN INSURANCE COMPANIES.— The requirement of section 3580, Hill's Ann. Laws, as amended (Laws 1889, p. 64), that every foreign fire and marine insurance company doing business in this state shall have one head office in the state under the charge of a general agent, is not a condition precedent to the right of such company to do business in this state, and a failure to comply therewith will not render void and unenforceable a contract of such company made while carrying on business here under a license regularly issued by the insurance commissioner, although it might afford some ground for a proceeding by the state.

From Multnomah:   LOYAL B. STEARNS, Judge.

Suit by the Continental Insurance Company of New York against S. B. Riggen and wife to foreclose a mortgage. A demurrer to a plea in abatement was sustained and a final decree entered as prayed for, from which defendants appeal.

AFFIRMED.

For appellants there was a brief over the name of *George, Gregory & Duniway*, with an oral argument by *Mr. Ralph R. Duniway*.

For respondent there was a brief and an oral argument by *Mr. John C. Leasure*.

Opinion by MR. JUSTICE BEAN.

This is a suit to foreclose a mortgage upon certain real estate in Multnomah County, executed and delivered to the plaintiff by the defendants as security for the payment of a balance due the plaintiff from defendant S. B. Riggen and one T. M. Riggen, former

agent of the company, for premiums on fire insurance business previously done in this state. The only defense is that the contract upon which the suit is brought is void because at the time of its execution the plaintiff was a fire insurance company organized and existing under the laws of the State of New York, and carrying on business in this state without first having complied with the provisions of sections 3276 and 3580 of Hill's Ann. Laws, by executing and recording a power of attorney, appointing a resident agent, and maintaining a head or general office in the state under the charge of a general agent. The court below held this defense insufficient, and, the defendants declining to answer or plead further, a decree was entered in favor of plaintiff, as prayed for in the complaint, from which the defendants bring this appeal.

1.   In 1864 the legislature passed an act to regulate and tax foreign insurance, banking, express, and exchange corporations or associations, in which it was provided that, before doing business in the state, any of such corporations must deposit with the treasurer of the county in which its principal office or agency is maintained the sum of $50,000, in interest-bearing bonds of the United States, as security for persons transacting business with such corporation in the state, and, in addition thereto, must execute and acknowledge a power of attorney appointing a resident agent or attorney, with authority to accept service of process for the corporation, and upon whom service could be made, and cause the same to be recorded in each county where it had a resident agent: Gen-

eral Laws 1864, p. 745.   This act was subsequently
amended in some matters not material to any ques-
tion presented at this time, and, as so amended, is
published as chapter XXIV of the Miscellaneous Laws
of the compilation of 1872 by Deady and Lane.   In
1887 (Laws 1887, p. 118), the legislature passed an act
entitled "An Act to Regulate and License Insurance
Business in the State of Oregon," being chapter L of
Hill's Ann. Laws; and the principal question on this
appeal is whether the latter act repealed by implica-
tion the provisions of the former, requiring a foreign
fire insurance company, before transacting business
in the state, to execute and record in each county
where it has a resident agent a power of attorney ap-
pointing a resident and citizen of the state as its
agent, upon whom service of summons may be made.
Repeals by implication are never favored, and, when
there are two acts upon the same subject, effect will be
given to both, if possible; but when they are repug-
nant, so that both cannot stand, the latter, without
any repealing clause, will operate as a repeal of the
former; and, even when they are not repugnant, if
the new statute revises the whole subject-matter of the
old, and is plainly intended as a substitute therefor, it
will likewise operate as a repeal of the former, al-
though it contains no express provision to that effect:
*Little* v. *Cogswell*, 20 Or. 345 (25 Pac. 727), and author-
ities there cited.   Now, it is manifest, from an exami-
nation of the act of 1887, that it was intended to and
does revise the whole subject of fire insurance busi-
ness in the state, and prescribes the terms and condi-
tions upon which both domestic and foreign insurance

companies may be permitted to do business here, and therefore, under the rule referred to, clearly operates as a repeal of the provisions of the former act upon the same subject, so far as it affects such companies. It appoints an insurance commissioner charged with the duty of seeing that the laws of the state respecting insurance companies are faithfully executed; prohibits any company, firm, or individual from transacting life, fire, or marine insurance in the state without a license from such commissioner; prescribes in detail the terms and conditions upon which foreign insurance companies may be admitted into the state, and upon which they shall be entitled to do business herein, among which is a provision that they shall file with the insurance commissioner a power of attorney authorizing a citizen and resident of the state to accept service of process in any proceeding in any of the courts of the state or of the United States therein, and upon whom service may be made; and by section 17 it is expressly declared that "the admission of an insurance company to do business in the state shall not be denied by the commissioner when it makes and tenders a full compliance with the provisions of this act." It is clear, therefore, that, when a foreign insurance company complies with the conditions precedent as prescribed in the act of 1887, it is entitled to a license to do business in the state, although it has not complied with the provisions of the former law on the subject, and hence such law must be regarded as repealed by implication. And when so licensed it is lawfully here, and may enforce its contracts in the courts of the state. It is admitted that at the time

the note and mortgage in question were executed the plaintiff had fully complied with all the terms and conditions precedent to its right to do business in the state as prescribed in the act of 1887, and that it had been duly licensed by the insurance commissioner for that purpose, and hence it is no defense to this suit that it had not executed and recorded the power of attorney required by sections 8 and 9 of the act of 1864.

2. The other defense sought to be made is only deserving of a very brief notice. It is sufficient to say that the provisions of section 3580 of Hill's Ann. Laws, as amended in 1889 (Laws 1889, p. 64), that every foreign fire and marine insurance company doing business in this state shall have one head or general office in the state, under the charge of an officer known as its "general agent," to whom all other agents shall report not less frequently than once a week, etc., is not made a condition precedent to the right of such a corporation to do business in the state, and a failure to comply therewith will not render the contract of a foreign insurance company doing business in this state under a license regularly issued by the insurance commissioner void and unenforceable in the courts of the state. A failure in this regard may perhaps be a sufficient ground for the revocation of a license, or for some proceeding by the state to prevent the delinquent company from doing business here, but it constitutes no defense in behalf of a private individual to an action brought against him on a contract made in this state between the company and himself. It fol-

lows that there is no error in the record, and the decree of the court below is affirmed.

AFFIRMED.