[Decided at PENDLETON July 31, 1897.]

## STRICKLAND v. GEIDE.

(49 Pac. 982.)

REPEAL BY IMPLICATION — FENCE STATUTES.— The act of 1872, relating to trespass by horses and cattle and to fencing lands in Umatilla and Wasco counties ( which, as amended, now constitutes Hill's Ann. Laws, §§ 3452–3455 ), is a complete substitute for the prior act of 1870, on the same subject ( which, as amended, is now known as Hill's Ann. Laws, §§ 3445–3451) as to the territory then comprised within Wasco County.  The common law on the subject of trespass by stock, except as to horses and cattle, is now in force in that district, within which is Gilliam County.

TRESPASS BY SHEEP.— The act of 1872 (Hill's Ann. Laws, §§ 3452–3455), as applied to sheep within what was then Wasco County, entirely superseded the act of 1870 ( Hill's Ann. Laws, §§ 3445–3451 ), and it is, therefore, not now necessary to show the existence of a lawful inclosure before damages can be recovered for trespass by sheep: *French* v. *Creswell*, 13 Or. 418, and *Bileu* v. *Paisley*, 18 Or. 47, followed.

HARMLESS ERROR— TRIAL.— Error in admitting evidence that plaintiff was damaged in a large sum is manifestly harmless where the recovery is for only a small amount.

From Gilliam: W. L. BRADSHAW, Judge.

This is an action by H. C. Strickland against B. Geide and A. Summerfield for damages. The defendants appeal from a judgment against them.

AFFIRMED.

For appellant there was a brief over the names of *W. H. Wilson, John Lyons,* and *Ellis & Lyons,* with an oral argument by *Messrs. John Lyons* and *W. H. Wilson.*

For respondent there was a brief over the names of *Carey & Mays, L. W. Darling,* and *H. H. & H. B. Hendricks,* with an oral argument by *Mr. Franklin Pierce Mays.*

Opinion by MR. JUSTICE WOLVERTON.

This is an action of trespass, wherein it is alleged that defendants unlawfully and willfully permitted their band of sheep to be herded, and unlawfully and willfully did herd said band, upon the premises and lands of plaintiff. The action was commenced in the justice's court, and upon appeal to the circuit court, and trial there, judgment was rendered in favor of plaintiff, from which the defendants appeal to this court.

Upon the threshold of our inquiry touching the errors assigned, it becomes pertinent to determine the

effect of certain statutes heretofore enacted relating to stock and fencing in respect of Gilliam County, from which the action emanates. In 1870 the legislature passed an act regulating fencing and inclosures, and providing a remedy against stock breaking into such inclosures, but excluded Umatilla County from its operation. For the first trespass the owner is required to make reparation to the party injured for the true value of the damages sustained; and for every trespass thereafter double damages are recoverable before any court having cognizance; and for a third offense, from any animals breaking into such inclosures, the animals themselves may be taken into custody and kept at the expense of the owner until the damages are repaired. In October, 1872, the legislature passed an act entitled "An Act in Relation to Trespass by Cattle, and Regulating Fences in the Counties of Umatilla and Wasco, in the State of Oregon." The first section provides that "no action shall be maintained for damages done by any horse, mare, gelding, mule, ass, jenny, foal, bull, stag, cow, ox, steer, heifer or calf, upon the premises of another, unless the person seeking such damage shall allege and prove upon the trial thereof that said premises were, at the time of the commission of said damage, inclosed with a lawful fence." Section 2 provides what manner of fence shall be deemed lawful, and section 3 gives the remedy. Any party injured by reason of any such stock trespassing upon premises or lands so inclosed may recover damages for such injury before any court having jurisdiction, and the animals trespassing may be at once taken and held as security for the payment of

the damages and costs, provided that the person so holding such animals shall within three days notify the owner thereof in the manner prescribed. The question here is, how do these acts affect Gilliam County, which has since been created out of Wasco County, as it pertains to sheep? There is no doubt but that the act of 1870 applied to the territory comprising the County of Gilliam, and that sheep came within the purview of the act, so that it was necessary to fence against them, as well as other stock, if damages for trespass were to be insisted upon: *Campbell* v. *Bridwell*, 5 Or. 311. Now, it is contended by plaintiff that the act of 1872 repealed the act of 1870, in so far as it pertains to sheep within Wasco County, out of which Gilliam was since carved, and therefore that it is not necessary to show the existence of a lawful inclosure before damages can be recovered for trespass by this species of stock. The defendant combats this contention, and holds that such is not the effect of the act of 1872.

It is a rule of law sanctioned by this court that whenever two acts are repugnant, one inimical to the other, so that both cannot stand, the later will operate as a repeal of the earlier by implication, without any express words of repeal; and such will be the effect, even when they are not repugnant in all their provisions, if the new statute revises the subject-matter of the old, and is plainly intended as a substitute for the old in toto: *Continental Insurance Company* v. *Riggen*, 31 Or. 336 (48 Pac. 476), and *Little* v. *Cogswell*, 20 Or. 345 (25 Pac. 727). Such rule is not inimical to the doctrine that repeals by implication

are never favored, nor to that which gives effect to several statutes upon the same subject whenever it is possible to do so; and it is firmly established elsewhere: *Dexter Road Company* v. *Allen*, 16 Barb. 15; *Roche* v. *Mayor, etc.* 40 N. J. Law, 257; *Daviess* v. *Fairbairn*, 3 How. 636; *Murdock* v. *City of Memphis*, 87 U. S. (20 Wall.), 590; *Swann* v. *Buck*, 40 Miss. 268; *City of Sacramento* v. *Bird*, 15 Cal. 294; and Endlich's Interpretation of Statutes, §§ 200, 205.

Manifestly, it was the intention of the legislature, by the act of 1872, to provide a substitute in toto for the former act, and to prescribe the only regulations requisite to be observed in the construction of fences within the territory then comprised by Wasco County. The act specifies with much particularity how the different kinds of fences shall be constructed, and provides that no action shall be maintained for trespass by horses and cattle unless it shall be made to appear that the premises so damaged were inclosed with a lawful fence; and it is certain that the legislature contemplated no such absurdity as that a person residing in the county should build two kinds of fences in order to protect his inclosures from trespass by all kinds of stock, or that there should be one remedy for trespass by sheep and swine upon lands inclosed by one kind of fence, and another covering damages for trespass by cattle and horses upon lands inclosed by another kind of fence. It was contemplated, undoubtedly, that the act of 1872 should be the only legislative enactment touching or regulating the subject-matter thereof as it applied to that county, and this would leave the matter, as it pertains to stock

other than cattle and horses, to rest where it did
prior to any enactment upon the subject.   That such
is the proper inference of legislative intendment is in
some way corroborated by the fact that both Umatilla
and Wasco counties are within the purview of the act,
and, while the former fence law applied to Wasco, it
did not apply to Umatilla, and it was probably con-
templated that a law identical in its effect should
apply to each of said counties.   This interpretation
seems to have been adopted in *Bileu* v. *Paisley*, 18 Or.
47 (4 L. R. A. 840, 21 Pac. 934).   Such being the state
of the law, we must turn to the common law to deter-
mine whether plaintiff has a remedy upon the com-
plaint filed, and this question has been decided favor-
ably to the plaintiff in *French* v. *Cresswell*, 13 Or. 418
(11 Pac. 62), upon a complaint identical in form, and
reaffirmed in principle in *Bileu* v. *Paisley, supra*; and
while, if this latter question was a matter of first im-
pression, our decision might be different, we feel con-
strained to treat it now as *stare decisis.*

Another question is made upon the record touch-
ing the admission of certain testimony relating to the
value of the lands before and after the trespass, in
order to determine the amount of damages, the plain-
tiff testifying that they were worth $2,000 before and
$1,500 after, and, therefore, that he was damaged in
the sum of $500; but, whether the admission of this
testimony was error or not, it is manifest that defend-
ants were not materially damaged by it, the verdict
being for $25 only.   In support of this view, see
*French* v. *Cresswell, supra.*

AFFIRMED.