Decided 5 June, 1899.

## EX PARTE FERDON.

[57 Pac. 376.]

STATUTORY CONSTRUCTION—IMPLIED REPEAL—PHYSICIANS.—The act of 1889, as amended in 1891 (Laws, 1889, p. 144, § 11, and Laws, 1891, p. 153, § 5), exacting a license from itinerant vendors of medicines who profess to treat diseases or injuries, was impliedly repealed by the act of 1895 (Laws, 1895, p. 61, § 3), regulating the practice of medicine and surgery, which revises the whole subject-matter of the old law: *Continental Ins. Co.* v. *Riggen*, 31 Or. 336, applied.

From Umatilla :   STEPHEN A. LOWELL, Judge.

J. M. Ferdon was committed to the custody of William Blakley, sheriff, on the charge of itinerantly vending medicine without a license, contrary to statute, and he applied for a writ of *habeas corpus*. From a judgment dismissing the writ and remanding petitioner, he appeals.                                   REVERSED.

For appellant there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. J. H. Raley*.

For the State there was an oral argument by *Mr. D. R. N. Blackburn*, Attorney General, and *Mr. H. J. Bean*, District Attorney.

MR. JUSTICE BEAN delivered the opinion of the court.

On September 13, 1898, the petitioner was held to answer, by a committing magistrate, for a violation of section 11 of the act of February 28, 1889, regulating the practice of medicine and surgery (Laws, 1889, p. 144), as amended by the act of 1891 (Laws, 1891, p. 153), and in default of bail was committed to the custody of the defendant, the Sheriff of Umatilla County. He thereupon applied to the circuit court for his discharge under a writ of *habeas corpus*, on the ground that the section of the act under which he was committed is unconstitu-

tional and void, or, if not, that it was repealed by the subsequent act of the legislature regulating the practice of medicine and surgery in the state (Laws, 1895, p. 61). The writ having been dismissed, and the petitioner remanded to the custody of the defendant, he appeals.

The act of 1889 is entitled "An act to regulate the practice of medicine and surgery in the State of Oregon." It provides for the appointment of a board of examiners of three persons, from among the physicians of the state, and for the punishment of any person practicing medicine or surgery without a license from such board, unless he was practicing within the state at the time of the passage of the act. It prescribes in detail the qualifications necessary to entitle an applicant to a license, and the duties of the board of examiners, and declares who shall be regarded as practicing medicine, within the meaning of the act. Section 11, as amended in 1891, and under which the petitioner was arrested and committed, provides that "any itinerant vendor of any drug, nostrum, medicine, ointment or appliance of any kind intended for the treatment of disease or injury, who shall by writing or printing, or any other method, publicly profess to cure or treat diseases, injuries, deformities or ailments of any kind by any drug, nostrum, medicine or other application, shall pay to the Secretary of State a license of $100 per month to be collected by said Secretary of State or by his lawfully authorized attorney. Any person who shall violate the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed five hundred dollars ($500) or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment."

The contention of the petitioner is that this section is unconstitutional and void, because not within the sub-

ject of the act as expressed in the title; while the defendant contends that the subject-matter of the section is so germane to it and connected therewith as not to be obnoxious to the provision of the constitution expressed in Article IV, § 20, which declares that "every act shall embrace but one subject and matters properly connected therewith, which subjects shall be expressed in the title." It is not easy to perceive what connection the licensing or taxing of itinerant vendors of drugs or nostrums has with the question of regulating the practice of medicine and surgery; but we do not consider it necessary to examine this phase of the case, because, if it be conceded that an itinerant vendor of drugs and medicines, who publicly professes to cure and treat diseases therewith, is practicing medicine or surgery, and that the section is a mere regulation of such practice, it was repealed by the subsequent act of 1895, which was evidently intended to, and does, revise the whole subject-matter of the old law, and prescribes the conditions on which the practice of medicine and surgery shall be permitted. The act of 1895 is entitled "An act to regulate the practice of medicine and surgery in the State of Oregon, and to license physicians and surgeons, to punish all persons violating this act and to repeal all laws in conflict therewith, and declaring an emergency." Like the act of 1889, it provides for the appointment of a board of medical examiners, and defines their duties and powers, declares who shall be regarded as practicing medicine or surgery, and prescribes in great detail the qualifications and conditions upon which persons shall be permitted to do so, and for the punishment of any person assuming to practice without a license. In short, it is complete within itself, and, under the well-settled rule of statutory construction, that where the legislature, by a new statute, evidently intends to, and does, revise the whole subject-matter of an old

one ( *Little* v. *Cogswell,* 20 Or. 345, 25 Pac. 727 ; *Continental Ins. Co.* v. *Riggen,* 31 Or. 336, 48 Pac. 476), operates as a repeal of the former act upon the subject. It follows, therefore, that, assuming the section of the statute under which the petitioner was arrested to have been constitutional and valid at the time of its enactment, it had been repealed at the time of the petitioner's arrest. The judgment of the court below is therefore reversed, and the cause remanded, with direction to discharge the petitioner.       REVERSED.

<div align="center">

Decided 12 June, 1899.