Argued 7 March; decided 29 April; reargued 29 July; decided on rehearing 16 August, 1901.

## SMITH v. DAY.

[64 Pac. 812; 65 Pac. 1055.]

REMOVAL OF CAUSES—ELECTION OF REMEDIES.

1. A joint and several action *ex delicto* may be removed to the federal courts by nonresident defendants, and the plaintiff may elect to try the entire case in that forum or to consent to a severance.

COMMENCING ACTION—ALIAS SUMMONS.

2. Where a complaint was filed against joint tortfeasors, and the first summons thereon was quashed, and the cause removed as to the nonresidents to the federal court, and an alias summons was delivered to the sheriff for service on the remaining tortfeasor, the action is to be deemed as commenced as to such remaining defendant when the alias summons was delivered to the officer for service.

STATUTES—REPEAL BY IMPLICATION.

3. Where a later law contains a provision in direct and irreconcilable conflict with a prior provision, the later act operates as an amendment or repeal of the former; to illustrate, the act of 1870, p. 34, § 9, purporting to amend the Code of Civil Procedure, repealed chapter I, section 6, subd. 5, providing six years' limitation for actions for any injury to the person or rights of another not founded on contract, and not therein enumerated, but failed to set out the entire section 6 as amended. It amended section 8 of the same chapter to include therein a clause which provided a two years' limitation for such actions, directly in conflict with section 6, subd. 5, and set out such amended section in full. *Held*, that section 6, subd. 5, was repealed by the enactment of section 8 in amended form, the latter being wholly inconsistent with the former.

DEMURRER TO COMPLAINT—EXAMINING SUMMONS.

4. In determining on demurrer whether a cause of action is barred by the lapse of time the complaint only can be considered, and the return of the officer on the summons must be excluded.

GENERAL AND SPECIAL APPEARANCE.

5. The filing of a demurrer, based on grounds that the court can not properly consider except on the hypothesis that it has jurisdiction of the cause and person, is a general appearance, which waives all irregularities as to the service of the summons: *Belknap* v. *Charlton*, 25 Or. 41, cited.*

JOINDER OF PARTIES JOINTLY LIABLE IN TORT.

6. Several joint tortfeasors may be sued jointly when they have united by design or act to produce the injury complained of; but without a common purpose or joint act there is no joint liability, though the injury was a general result to which the acts of each contributed.

## From Multnomah : ALFRED F. SEARS, JR., Judge.

*Note.—See *Hammer* v. *Downing*, 39 Or. 504, for an application of this rule.
—REPORTER.

Action by Henry Smith against The Dalles, Portland & Astoria Navigation Company and J. G. and I. N. Day, partners, for damages. From an order sustaining a demurrer to the complaint plaintiff appeals. AFFIRMED.

For appellant there was a brief over the names of *Nathaniel H. Bloomfield*, *Edward B. Watson*, and *Greenbury W. Allen*, with an oral argument by *Mr. Watson*.

For The Dalles, etc. Navigation Company there was a brief over the name of *Carey & Mays*, with an oral argument by *Mr. Franklin P. Mays*.

MR. JUSTICE WOLVERTON delivered the opinion.

The purpose of this action is to recover damages for an alleged joint tort committed on the tenth day of December, 1895, by the defendants J. G. and I. N. Day and The Dalles, Portland & Astoria Navigation Company at the cascade locks in Wasco County. The navigation company is a domestic corporation, having its principal place of business at the City of The Dalles, in said county, while the defendants J. G. and I. N. Day are copartners, and claim to be citizens and inhabitants of the State of California. The complaint was filed March 30, 1896, and on the next day an attempt was made to serve the summons upon the corporation by delivery of a copy thereof to J. N. Harney, its agent in Multnomah County, where the action was instituted, which was quashed October 20 following, on motion of said defendant appearing specially for that purpose. On April 10, 1896, the cause was removed into the federal court on the petition of J. G. and I. N. Day, and on January 3, 1898, an alias summons was delivered to the sheriff of Wasco County, and by him served upon said corporation, which filed a demurrer to the complaint, assigning, among other grounds

therefor, that the action was not commenced within two years from the time of the plaintiff's alleged injury. The demurrer having been sustained, judgment was entered dismissing the action, and the plaintiff appeals.

1.  This case may be disposed of upon the single question presented by the demurrer. An action is deemed commenced as to each defendant when the complaint is filed and the summons served upon him or on a codefendant who is a joint maker or otherwise united in interest with him; and an attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of the statute of limitations, when the complaint is filed, and the summons delivered with the intent that it be actually served to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided: Hill's Ann. Laws, §§ 14, 15. It may be conceded for the purposes of this case that the defendants are jointly liable *ex delicto* to the plaintiff, but, while so amenable, they are also severally liable, so that a several as well as a joint action might have been instituted in the first instance. The record shows that on April 7, 1896, the court made an order removing the cause to the federal court upon the application of the Day firm, concerning the effect of which the parties disagree; the defendant claiming that the entire cause was thereby transferred, while the plaintiff urges that the order was not adequate to effectuate a removal under the conditions prevailing, but that, if it be deemed effective at all, it merely operated to remove the cause as to the Days, leaving it pending in the state court as to the corporation. The case was not susceptible of a removal as a separable controversy without the consent of the plaintiff. He had his election to sue the defendants either jointly or severally, and, having adopted the joint action,

he had the right to have it continued in that form if he
so desired, but he could consent to a.severance.    It was
held in *Guarantee Co. of North America* v. *Mechanics' Sav.
Bank & Trust Co.* 80 Fed. 767 (26 C. C. A. 146), that the
defendant in error, by not objecting to the removal nor
interposing a motion to remand and by proceeding to
trial without protest and taking a separate judgment
against the guarantee company, consented to the sever-
ance of the joint into several actions ; one remaining in
the state court, while as to the other the federal court
very properly assumed jurisdiction on the ground of
diverse citizenship.    It is shown by affidavit in the case
at bar that the cause was tried out in the federal court,
and a verdict rendered and judgment given against the
plaintiff, subsequently to January 24, 1898, and that no
order was ever made and entered remanding it to the
state court.  While the competency of this affidavit as a
factor in the consideration of the demurrer may be ques-
tioned, yet we are bound to assume from the very fact
that the removal was had, and the cause has remained
so long in the federal court, that it was either regularly
made, which would carry the entire cause to that court
(*Barney* v. *Lathan,* 103 U. S. 205 ;   *Connell* v. *Smiley,*
156 U. S. 335, 15 Sup. Ct. 353 ;   *Rich* v. *Gross,* 29 Neb.
337, 45 N. W. 468 ;   *Blessing* v. *Edmonson,* 49 Tex. 334),
or that it was made as to the defendants J. G. and I. N.
Day with the consent of the plaintiff, who thereby acqui-
esced in the severance, and thus conferred the requisite
jurisdiction upon the federal court.

2.    Taking the hypothesis most favorable to the plain-
tiff,—that the severance left the cause pending in the
state court for further proceedings as it concerned the
corporation,—then it must be considered as an action
begun against said corporation severally, and not jointly

with the Days, as the severance took place before it was served with summons. The first summons delivered was quashed, and thereby rendered futile for any purpose. The summons served was not delivered to the sheriff until January 3, 1898, more than two years after the alleged infliction of the personal injury complained of; hence the action was barred by the statute of limitations: Hill's Ann. Laws, § 8, subd. 1.

It is questioned whether it was proper to consider in connection with the complaint the return of the officer upon the summons for the purpose of ascertaining whether the statute had run, but we can see no impropriety in the method adopted. The court has but to look to the files to see when the complaint was filed, which is one step in the process of commencing an action; then to the summons and the sheriff's indorsement, to see when it was delivered to him and served, which shows the necessary steps requisite to a proper commencement; and, counting from that time, it may be determined whether it is within the limitations prescribed by the statute.

3. It is insisted, however, that the statutory period within which an action may be brought for injury to the person is six years, instead of two, and this contention is based upon the theory that the law is now the same as it stood prior to 1870. In 1870 the legislature enacted, by section 9 of an act to amend an act entitled "An act to provide a Code of Civil Procedure, approved October 11, 1862": "That subdivision 5, section 6 of chapter I of the Code of Civil Procedure be hereby repealed, and that section 8 of said chapter be amended to read as follows: 'Section 8. Within two years—1. An action for libel, slander, assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not herein

especially enumerated.' '' Subdivision 5 of section 6 was in the identical language of the latter clause of subdivision 1, section 8, as amended, reading from the words "false imprisonment," except that the word "especially" is interpolated. The argument is that the act is not effective to the purpose of amending section 6, because the section as amended was not set out entire ; hence that it left the six years limitation in full force and effect. This position overlooks the fact that section 8 was amended by setting out the entire section, and, as thus amended, it contains a clause in direct and irreconcilable conflict with subdivision 5 of section 6 as it originally stood. Being the later act, it must be held under the settled law of this state to have repealed subdivision 5 by implication, the attempt at a direct amendment of section 6 being ineffectual for the purpose : *Fleischner* v. *Chadwick*, 5 Or. 152 ; *Grant County* v. *Sels*, 5 Or. 243 ; *Hurst* v. *Hawn*, 5 Or. 275 ; *Little* v. *Cogswell*, 20 Or. 345 (25 Pac. 727); *State* v. *Rogers*, 22 Or. 348 (30 Pac. 74); *Strickland* v. *Geide*, 31 Or. 373 (40 Pac. 982); *Continental Ins. Co.* v. *Riggen*, 31 Or. 336 (48 Pac. 476); *Ex parte Ferdon*, 35 Or. 171 (57 Pac. 376); *Ladd* v. *Gambell*, 35 Or. 393 (59 Pac. 113). We are aware that *Mayer* v. *Cahalin*, 5 Sawy. 355 (Fed. Cas. No. 9340), is opposed to this view, but the doctrine there enunciated has never had the sanction of this court. These considerations affirm the judgment of the court below, and it is so ordered.

AFFIRMED.

Decided 16 August, 1901.

ON REHEARING.

*Mr. Edw. B. Watson,* for appellant.

*Mr. F. P. Mays,* for respondent Navigation Company.

MR. JUSTICE WOLVERTON delivered the opinion.

4.   This cause is upon a rehearing.   We held on the first hearing that for the purpose of determining whether a demurrer to the complaint upon the ground that the action had not been commenced within the time limited by the Code was well taken it was competent for the court to take into consideration the indorsement of the sheriff upon the summons in determining when the action was commenced.   The weight of judicial utterance seems, however, to be against this position, the view seeming to prevail that the inquiry must be confined to the face of the complaint :   *Smith* v. *Holmes,* 19 N. Y. 271 ;   *Lambert* v. *Ensign Mfg. Co.* 42 W. Va. 813 (26 S. E. 431) ; *Zaegel* v. *Kuster,* 51 Wis. 31 (7 N. W. 781) ;   *Smith* v. *City of Janesville,* 52 Wis. 680 (9 N. W. 789) ;   *Benedix* v. *German Ins. Co.* 78 Wis. 77 (47 N. W. 176).   The doctrine of those cases seems highly technical, and does not appeal strongly to reason, but we feel constrained, in deference to precedent and the weight of authority, to recede from our former holding in that regard.

5.   This renders it necessary to determine another feature of the case, and for that purpose a further statement is required.   The navigation company had received the plaintiff as a passenger on board of one of its boats, engaging to safely carry him from The Dalles to Portland and return, for which transportation he paid $3.00. The defendants J. G. and I. N. Day were engaged in

blasting rock in the bed of the Columbia River at the Cascade Locks, and, while the boat was lying at the wharf, they, through their agents and employees, set off a blast of giant powder, or other powerful explosive, by reason whereof fragments of rock were cast upon and through the roof of the boat's cabin, whereby the plaintiff was struck and injured. It is alleged that the Days were negligent in exploding the blast, well knowing that the boat was lying at the wharf, having passengers on board; and that the navigation company was negligent in allowing the boat to be at the wharf, well knowing that it was the usual hour at which the Days discharged their blasts. The demurrer interposed to the complaint assigned as a ground therefor, among others, that two causes of action were improperly united. The filing of a demurrer based upon the grounds that the court could not properly consider except upon the hypothesis that it had jurisdiction of the cause and the person must be treated as a general appearance, which waived all irregularities as to the service of the summons, and gave jurisdiction of the navigation company as effectually as if it had resided and been duly served in Multnomah County, where the action was begun; and this is the case, although it is stated in the demurrer that it was filed without intending to waive irregularity of service or want of jurisdiction: *Belknap* v. *Charlton*, 25 Or. 41 (34 Pac. 758).

6. It is so well settled that an action on contract can not be united with one arising *ex delicto* that it does not require a citation of authorities to support the proposition. Two or more tortfeasors may be sued jointly when they have all concurred by joint design or common act or negligence to produce the injury complained of; but where the parties have acted separately and independently of each other, without concert, or by common

purpose, although the injury may be a common result to
which the acts of each contributed, their liability is not
joint, and a joint recovery can not be had : 1 Sutherland,
Dam. §§ 140, 141 ; *Dahms* v. *Sears*, 13 Or. 47 (11 Pac.
891); *Cooper* v. *Blair*, 14 Or. 255 (12 Pac. 370); *Bard* v.
*Yohn*, 26 Pa. St. 482 ; *Klauder* v. *McGrath*, 35 Pa. St. 128
(72 Am. Dec. 329); *Little S. Nav. Co.* v. *Richard's Admrs*,
57 Pa. St. 142 (98 Am. Dec. 209); *Williams* v. *Sheldon*, 10
Wend. 654. The act of negligence against the navigation
company is not the same as that by which it is sought to
make the other defendants liable. While the two acts
have concurred in producing the injury for which the
damages are sought, there was no concert of action, and
no common intent or purpose is alleged. Each was act-
ing independent one of the other ; hence they did not
incur a liability for which they could be jointly sued. So
that, whether the cause of action set up against the navi-
gation company may be said to be upon contract or tort,
it is not one that could be united with the action against
the other defendants. It is insisted, however, that the
uniting of the two in one complaint amounts to nothing
more than a misjoinder of parties, which can not be ap-
propriately reached by a demurrer ; that, notwithstand-
ing there may be a combining of incompatible causes, yet
that there is a good cause stated against the navigation
company ; and hence that the demurrer is not well taken.
The joinder consists in uniting causes against independ-
ent parties not subject to a joint action. In *Cooper* v.
*Blair*, 14 Or. 255 (12 Pac. 370), a nonsuit was granted,
after the evidence had been submitted, because of a like
misjoinder of actions, and this court held the ruling to
be proper. So, in *Tyler* v. *Trustees*, 14 Or. 485 (13 Pac.
329,—a case where causes arising on contract were united
without a joint liability,—Mr. Justice THAYER said : " If
the evidence had shown a cause of action against each of

the respondents, it would have been the duty of the appellant's counsel to have elected as to which of the parties he would claim against before the cause was submitted to the jury ; otherwise he could not recover against either.    And by failing to make such an election, where the liability against defendants is only several, the court might, I think, properly grant a nonsuit." This reasoning would indicate that while the two incongruous causes remained united there is not a valid cause for which judgment could be properly taken against either of the defendants.    However this may be, *Green* v. *Nunnemacher*, 36 Wis. 50, is exactly in point.    The complaint stated a cause of action against Jacob and Herman Nunnemacher, another against Jacob and other defendants, and still another against Jacob alone.    There was a demurrer assigning as one ground a misjoinder of causes of action, speaking to which the court said, "They are distinct, independent, and separate, and have been improperly united," and sustained the demurrer.    To the same purpose is *Sanders* v. *Clason*, 13 Minn. 379 (Gil. 352), which was a union of causes arising *ex contractu*.    In the light of these authorities, the demurrer to the complaint herein was properly sustained.

The statement in the demurrer that one cause is founded upon contract and the other upon tort does not necessarily preclude the defendant from insisting that it was well taken because both were upon tort. This leads to a result in accord with our former opinion, and the judgment will stand as then entered.          AFFIRMED.