### BALLAINE v. TOWN OF SEWARD.

(Third Division. Valdez. September 17, 1917.)

No. S–118.

1. MUNICIPAL CORPORATIONS ☞974(3)—TAXATION—REVIEW.

An appeal will not lie to the district court in Alaska from an assessment on real property made for municipal purposes by a town council.

2. STATUTES ☞167(2)—CODIFICATION, AMENDMENT, AND REPEAL.

A full and complete codification with amendments of the statutes relating to municipal corporations, intended as a substitute for all the laws so codified, repeals the former acts.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. STATUTES ⬤☞167(2)—CODIFICATION, AMENDMENT, AND REPEAL.

The act of Congress of June 6, 1900 (31 Stat. 321, c. 786; section 201, c. 21, pt. 5, Carter's Annotated Codes of Alaska), provided for an appeal from the review of real property assessments in incorporated towns in Alaska to the district court. The act of Congress approved April 28, 1904 (33 Stat. 529, c. 1778; Comp. Laws 1913, §§ 627–631), being "An act to amend and codify the laws relating to municipal corporations in the district of Alaska," made a full and complete codification of all such laws, with amendments. *Held*, the codifying and amending act of April 28, 1904, repealed the former acts so codified and amended.

4. MUNICIPAL CORPORATIONS ⬤☞57—GOVERNMENT, POWERS, AND FUNCTIONS.

Municipal corporations in Alaska are the creatures of statute, by which their powers are granted, measured, and limited. Beyond the limits of the express powers granted and those fairly implied therefrom and incident thereto, they cannot lawfully act or agree to act, and a fair and reasonable doubt of the existence of a corporate power is fatal to its being.

The question here is whether an appeal will lie from the assessment for taxation of real estate made by the city council of an Alaska municipality to the district court.

By chapter 21 of part 5 of Carter's Annotated Alaska Codes, subdivision 5 of section 201, after enumerating the powers of the town council and its right to impose and collect general tax, it is provided:

"And all assessments made by the corporation assessor shall be subject to review by the council, and appeals may be taken from their decisions to the district court."

A subsequent act of Congress, approved April 28, 1904, entitled "An act to amend and codify the laws relating to municipal corporations in the district of Alaska" (33 Stats. at Large, p. 529; Comp. Laws of Alaska, secs 627, 628, 629, 630, and 631), is in effect a complete codification and re-enactment of all laws relating to municipal corporations in the district of Alaska. The powers of the council are therein enumerated and no mention is made of appeal to the district court. Said last-named act provides, in section 629 thereof, as follows:

"The assessor appointed by the council shall once each year, at such time as the council may direct, duly list and assess all the taxable property of the town at its just and fair value. He shall file

such list and assessment as soon as completed with the clerk of the town, and shall serve a notice of the filing of the same upon each person residing in the town whose property has been assessed. The council may review and revise the assessment and may upon proper evidence and conformable to justice increase or diminish the same in individual cases, and when so revised and reviewed, and finally approved by the council, the same shall be deemed to be the true basis for the levy and assessment of taxes."

Said section 631 provides:

"All acts and parts of acts inconsistent with this act are, to the extent of such inconsistency, hereby repealed; and the provisions of this act shall apply to and govern all municipal corporations heretofore created in the district of Alaska."

Morford & Finnigan, for appellant.
J. Lindley Green, of Seward, for appellee.

BROWN, District Judge. The question here is whether the said act of 1904 repeals the said provision of Carter's Code, supra, relative to appeals to the district court from the action of the city council.

The above-named Frank L. Ballaine seeks to appeal from such action and the municipality of Seward, by its attorney, filed a motion to dismiss on the ground that the court has no jurisdiction.

In the case of Mills v. Smith, 177 Fed. 654, 101 C. C. A. 280, our own appellate court announces the following rule:

"Where two acts of different dates cover the same subject-matter, the later will operate as a repeal of the earlier only where that intention is plainly manifest and unmistakable; and it is the duty of a court to adopt any reasonable construction which will give effect to both acts."

In view of this rule, the decision of this question has given rise to a good deal of doubt in my mind as to whether or not said former provision, providing for an appeal to the district court, is still operative and effective. I feel impelled, however, to believe that said law is not operative, but has been repealed by subsequent acts covering the same subject-matter.

In the first place, the said act of April 28, 1904, is beyond all question intended to be a full and complete codification of all the laws relating to municipal corporations in the district of Alaska theretofore enacted, and intended as a substitute therefor.

In the case of Reed v. Dunbar, 41 Or. at page 512, 69 Pac. at page 452, the court announces this principle:

"It is a familiar rule that repeals by implication are never favored, and, when there are two acts upon the same subject, effect will be given to both, if possible. But when they are repugnant, so that both cannot stand, or if the new statute revises the whole subject-matter of an existing law, and is plainly intended as a substitute therefor, it will operate as a repeal of the old law, even though it contains no express provision to that effect. Little v. Cogswell, 20 Or. 345, 25 Pac. 727; Insurance Co. v. Riggen, 31 Or. 336, 48 Pac. 476; Ex parte Ferdon, 35 Or. 171, 57 Pac. 376."

In 36 Cyc. p. 1079, it is said:

"It is a familiar and well-settled rule that a subsequent statute, revising the subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. The rule is applicable even when the provisions of a prior law are contained in a special act. Where there is such revision, there need be no express words of repeal. Neither is it required that the later statute shall be so repugnant to the former that both cannot stand and be construed together. But it must appear that the subsequent statute revised the whole subject-matter of the former one and was evidently intended as a substitute for it. Where a statute is revised, some parts of the original act being omitted, the parts which are omitted cannot be revived by construction, but are to be considered as annulled, provided it clearly appears to have been the intention of the Legislature to cover the whole subject by the revision."

To my mind it clearly appears that it was the intent of the Congress to cover the whole subject by the revision, and the powers of the city council are specifically enumerated, to which subject of powers conferred mention will be hereinafter made.

Judge Cushman, in the case of Town of Valdez v. Fish, reported in 4 Alaska, 432, decided almost the identical question involved in this case, as follows:

"An examination of the act of March 2, 1903, and that of April 28, 1904, above quoted in part, will show that the latter was intended by Congress to cover the same ground as the former, so far, at least, as defining the power of the town council is concerned."

And further:

"The act of 1903 empowers the council 'to provide for the assessment and levy of a general tax for municipal purposes * * * and to impose a penalty for its nonpayment,' etc. The act of 1904 empowers the council 'to assess, levy, and collect a general tax for

5 A.R.—47

school and municipal purposes, not to exceed 2 per cent. of the as-
sessed valuation.' In the latter act the power to impose a penalty is
omitted. It is clear that the latter act repeals the former in this
particular, and that there is now no statutory authority to impose a
penalty of 10 per cent. for nonpayment of taxes or interest in excess
of the statutory rate allowed on all money after the same becomes
due by section 255, Carter's Codes, supra. Without statutory au-
thority, such impositions are illegal and void. 37 Cyc. p. 1290, § 5,
and cases cited, and page 1254, § B, and cases cited."

No provision was made in the former act for the collection
of the tax by sale by advertisement, or suit, or otherwise, but
the latter act contains a provision (subdivision 9, § 627, Comp.
Laws Alaska) empowering the council—

"to declare the tax a lien upon such property, and to enforce the
collection of such lien by foreclosure, levy, distress and sale."

This would seem to indicate a sufficient reason for omitting
the right of appeal to the district court given in the former act,
for by the latter act a foreclosure could only be had in the dis-
trict court and the taxpayer would thus be in court and could
have the action of the city council reviewed.

If it be said that a taxpayer might desire to have the mat-
ter of the assessment finally determined, before his taxes be-
come delinquent, it is also true that if (under this act) he could
take an appeal to the district court, and even have his assess-
ment reduced, resort might still have to be had to an action
in the district court to foreclose the lien of such taxes, so that
two proceedings might thus be had in the district court, where-
as by following the procedure provided by the act of 1904 the
whole matter could be settled in one action. Thus the right
of appeal conferred by the former act seems to be inconsistent
with the latter act, and, under the rules announced above,
should be repealed thereby.

To obviate the necessity of resorting to the court by a fore-
closure suit, the first Alaska Legislature passed an act provid-
ing for the sale of property for delinquent taxes upon the pres-
entation of the assessment rolls to the district court, and an
order of sale after notice. At the time of presenting such
assessment roll, any taxpayer may appear and object and the
court may reduce or equalize the assessment. Session Laws
Alaska 1913, c. 69, § 9.

This act thus obviates the necessity of an appeal direct to
the district court, and provides another manner of reviewing

the assessment by that court, and so appears to be inconsistent with the former right of appeal.

On July 7, 1913, the city council of the town of Seward passed an ordinance providing for the assessment of property for taxation, a method of equalization thereof, and for an appeal to the district court from the final action of the city council or board of equalization. Had the city council power to enact such a law, and has this court power or jurisdiction to entertain such appeal?

"The courts have no jurisdiction to revise and change assessments of property for taxation duly made by the proper officers, in any collateral proceeding or in any direct proceeding, except where authorized by statute, on grounds of irregularity, error or excessive valuation." 37 Cyc. p. 1111.

Of course the equitable powers of the court may be invoked in a proper case.

"A municipal corporation can exercise only such powers as are granted by the state, and only in the manner prescribed." 1 McQuillin, Municipal Corp. § 352, note 11.

The act of April 28, 1904, supra, enumerates the powers the city council shall have, and no right of appeal is specified in the list of powers.

"A corporation, being a mere creature of the law, possesses only those properties which the charter confers upon it, either expressly or as incidental to its very existence." 1 McQuillin, Mun. Corp. § 352.
"The charter is the measure of the city's powers." Id.

If there be any doubt about the question, the doubt must be resolved against the power.

See City of Fort Scott, Kan., v. W. G. Eads Brokerage Co., 117 Fed. at page 54, 54 C. C. A. at page 440, where it is said:

"Municipal corporations are the creatures of the statutes under which they are organized and operated. By those statutes their powers are granted, measured, and limited. Beyond the limits of the powers there expressly granted and those fairly implied therefrom or incident thereto they cannot lawfully act or agree to act, and a fair and reasonable doubt of the existence of a corporate power is fatal to its being."

I am of the opinion that no right of appeal now exists from the action of the city council in fixing the assessments for taxation, direct to the district court, but a review can be had in the manner formerly provided by the said act of 1904 and now pro-

vided by the territorial act of 1913, supra. If the appellant, Ballaine, has any just grievance, he can present it at the time provided for the order of sale of property for delinquent taxes. He has already had one review, and the city council (sitting as a board of equalization) has reduced his original assessments on many lots owned by him in the town of Seward.

The motion to dismiss the appeal will be granted.